**Gerald D. PETERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20260.**

United States Court of Appeals, Eighth Circuit.

Oct. 2, 1970.

Gerald D. Peterson, pro se.

Bert C. Hurn, U. S. Atty., Kansas City, Mo., and Frederick O. Griffin, Jr., Asst. U. S. Atty., for appellee.

Before GIBSON and LAY, Circuit Judges and HUNTER, District Judge.

PER CURIAM.

■ Appellant Gerald D. Peterson appeals from a denial of his "Motion for Reduction of Sentence" pursuant to Rule 35, Fed.R.Crim.P. Since Peterson's motion was filed on October 24, 1969, more than 120 days after the denial of his application for writ of certiorari on June 2, 1969, by the United States Supreme Court on his direct appeal,[1] and since the denial order was not suspended pending his application for rehearing,[2] Peterson's motion for a discretionary reduction of sentence under Rule 35 was out of time. Rule 45(b), Fed.R.Crim. P., expressly states that the court may not extend the time for taking any action under Rule 35 except to the extent and under the conditions stated in Rule 35. Consequently, the time limit for reduction of sentence "is jurisdictional—it may not be enlarged or extended for any reason." 8A J. Moore, Federal Practice ¶ 35.02[2] (2d ed. 1969). *See also* United States v. Robinson, 361 U.S. 220, 224–226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). However, a motion for reduction of sentence can also be treated as a Rule 35 motion to correct an illegal sentence at any time and Peterson's motion will therefore be considered from that viewpoint.

■ Peterson was convicted on three counts: (1) violation of 18 U.S.C. § 371, conspiracy to violate 26 U.S.C. § 4705(a) (sale of narcotics); (2) violation of 21 U.S.C. § 331(q) (2) (sale of depressant or stimulant drugs); and (3) violation of 26 U.S.C. § 4705(a) (sale of narcotics). He received a ten-year sentence on the sale of narcotics, a five-year sentence on the conspiracy count and a one-year sentence on the sale of depressant or stimulant drugs; the last two sentences were to run concurrently with the ten-year sentence. His main complaint is that he received a disparate sentence to that of co-defendants and to others in non-related cases. He attributes the length of his sentence to his standing trial rather than pleading guilty, thus claiming a violation of his constitutional right to be tried by a jury.

Under 26 U.S.C. § 7237(b), the range of penalty for a 26 U.S.C. § 4705(a) violation is imprisonment of not less than five or more than 20 years, with a permissible fine of not more than $20,000. Appellant's total sentence is well within the permissible statutory limits. In view of his prior criminal record, we find his sentence amply justified aside from being well within the statutory limits. "[T]he severity of the sentence, if within the maximum allowed, is a matter within the sound discretion of the judge." Cassidy v. United States, 428 F.2d 585 (8th Cir. 1970). There certainly has been no abuse of discretion in this case and Peterson's appeal is dismissed as legally frivolous.

Appeal dismissed.

1. Peterson v. United States, 405 F.2d 102 (8th Cir. 1968), cert. denied, 395 U.S. 938, 89 S.Ct. 2003, 23 L.Ed.2d 453 (1969).

2. Rule 35, Fed.R.Crim.P., provides in pertinent part:
   "Correction or Reduction of Sentence.
   "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or *within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.*" (Emphasis added.)
   Supreme Court Rule 25 provides in pertinent part:
   "2. Whenever application for a writ of certiorari to review a decision of any court is denied, the clerk shall enter an order to that effect, and shall forthwith notify the court below and counsel of record. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the court or of a justice thereof.*" (Emphasis added.)