**UNITED STATES of America,
Plaintiff,**

v.

**Garland RUSH, Defendant.**

**No. 3–71 Cr. 201.**

United States District Court,
D. Minnesota,
Third Division.

May 15, 1973.

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

NEVILLE, District Judge.

Application has been made pro se by informal letter for what this court regards as a modification of a fifteen year sentence imposed February 9, 1972 on defendant for bank robbery in violation of Title 18 U.S.C. § 2113(a). The defendant was one of four who robbed a bank at gunpoint and escaped with $39,000. He was apprehended in flight and during the chase was wounded by a

police gunshot. Defendant has a prior offense growing out of illegal possession of narcotic drugs. He asks that the court amend its sentence by adding a clause permitting parole under 18 U.S.C. § 4208(a)(2) short of serving the normal one-third of the sentence before being eligible therefor. The 120 day period for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure long since has expired.

Defendant cites Mr. C. J. Hughes, the Warden of the Federal Correctional Institution at Milan, Michigan, to the effect as stated in the Warden's letter that "It is our understanding that his [defendant] sentence could be amended to 4208(a)(2) even after the period allowable under Rule 35 of the Federal Rules of Criminal Procedure has elapsed since this amendment would effect only parole eligibility and not the length of time." Defendant recites that his caseworker agrees, claiming to have an advice from his Washington, D. C. office to this effect. There is no citation, however, of any judicial authority to this effect and the court has been unable to find any.

Unfortunately the court does not read Rule 35 to provide as defendant would contend. In the court's opinion attaching a provision at this time as to when probation may be granted under Section 4208 is to some extent or may result to some extent (as is hoped for by defendant in this case so that it may be considered before expiration of one-third thereof) in a reduction and modification of sentence and is beyond the pale of this court's jurisdiction since the requisite 120 days of Rule 35 have elapsed. As the Eighth Circuit court stated in Peterson v. United States, 432 F.2d 545, 546 (8th Cir. 1970):

" . . . Rule 45(b), Fed.R.Crim.P., expressly states that the court may not extend the time for taking any action under Rule 35 except to the extent and under the conditions stated in Rule 35. Consequently, the time limit for reduction of sentence 'is ju-

risdictional—it may not be enlarged or extended for any reason.' 8A J. Moore, Federal Practice ¶ 35.02 [2] (2d ed. 1969). See also United States v. Robinson, 361 U.S. 220, 224–226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)."

See also Johnson v. United States, 235 F.2d 459 (5th Cir. 1956) (rule then 60 days); United States ex rel. Quinn v. Hunter, 162 F.2d 644 (7th Cir. 1947); United States v. Maddux, 20 F.R.D. 169, 16 Alaska 576 (1956); United States v. Martin, 8 F.R.D. 89 (D.S.C.1948), aff'd, 168 F.2d 1003 (4th Cir. 1948), cert. denied, 335 U.S. 872, 69 S.Ct. 161, 93 L. Ed. 416 (1948). Were the court to accede to defendant's request, the actual time he might serve well could be shortened. Certainly, this is a reduction in the practical sense as well as the legal sense. Therefore,

It is ordered that defendant's motion for a reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure be and the same hereby is denied.

The court makes this formal order so that if a ruling is requested or desired from the Court of Appeals, an appropriate order in this court has been entered.