Ernest Guy BANKS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. EC 73-53-K.

United States District Court,
N. D. Mississippi, E. D.

Oct. 3, 1973.

Ernest Guy Banks, pro se.

Alfred E. Moreton III, Asst. U. S. Atty., Oxford, Miss., for respondent.

---

## MEMORANDUM ORDER

KEADY, Chief Judge.

This cause is before the court on the petition of Ernest Guy Banks seeking modification of sentences [1] previously imposed to make them indeterminate under 18 U.S.C. § 4208(a).

By this court's order dated June 1, 1973, the United States, as respondent, was directed to show cause why the relief sought by petitioner should not be granted. The United States has since filed a responsive memorandum of law, and petitioner has entered a traverse; thus, the petition is now before the court for ruling.

In our show-cause order we noted that the present petition is the second petition filed by Banks seeking to modify or alter his sentences. After allowing petitioner and respondent to file memorandum briefs, this court, on August 30, 1971, entered an order denying the initial petition (No. EC 71-107-K). The basis of our decision was that the relief sought by petitioner was, in essence, a reduction in sentence under Rule 35, F. R.Crim.P.; and, since the petitioner's initial petition was not filed within 120 days after imposition of sentence,[2] the court was without jurisdiction to consider the motion to reduce sentence. United States v. Gorman, 431 F.2d 632 (5 Cir. 1970).

By his present petition, Banks contends that he does not seek a Rule 35 reduction in sentence, but rather a modification or amendment to his original sentences to include the provisions of 18 U.S.C. § 4208(a)(2). Thus, petitioner urges that this court is neither precluded by the Federal Rules of Criminal Procedure nor relevant case law from

---

1. On March 21, 1968, Banks was convicted in this court on guilty pleas of violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2312. Banks was thereafter sentenced by the late Judge Claude F. Clayton to consecutive prison terms for an aggregate of 20 years which he is presently serving in the federal penal institution at Lewisburg, Pennsylvania.

2. Rule 35, F.R.Crim.P., provides:
"The court may reduce a sentence within 120 days after the sentence is imposed."
Rule 45(b)(2) provides:
". . . the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them."

ordering such modification or amendment. In support of this proposition, petitioner relies on United States v. Paradiso (D.C.N.J.1972), an unreported decision in which District Judge Lawrence A. Whipple was faced with the precise question now before this court. Judge Whipple there allowed the original sentence to be "amended" to include the provisions of 18 U.S.C. § 4208(a)(2), upon the following reasoning:

> "This does not appear to be a classic reduction of sentence motion which would be out of time under Rule 35. Rather, it would best be called a modification or perhaps an amendment of the sentence."

> \*   \*   \*   \*   \*   \*

> "Research has failed to uncover any case indicating that post-sentencing relief constituting an amendment under 18 U.S.C. § 4208(a)(2) is improper."

With all deference to Judge Whipple, we remain convinced that the alteration of a sentence to include the provisions of 18 U.S.C. § 4208(a)(2) is in effect a reduction in sentence; and, since there is no question as to the legality of the sentences previously imposed by Judge Clayton, this court is without jurisdiction to consider the present petition. Even assuming the semantic distinction in the statutory language of Rule 35, which refers to reduction of sentences, and Judge Whipple's view that a petition to include the provisions of 18 U.S. C. § 4208(a)(2) seeks merely to "modify" or "amend" the sentence, the Fifth Circuit has consistently held that the statutory period of Rule 35 applies not only to motions or petitions to reduce sentence but to modify them as well. United States v. Granville, 456 F.2d 1073 (5 Cir. 1972); United States v. Gorman, supra; Zaffarano v. Blackwell, 383 F.2d 719 (5 Cir. 1967).

Additionally, respondent strongly enumerates policy considerations which militate against trial courts assuming indefinite jurisdiction to alter a legally imposed sentence (whether said alteration be termed a reduction, modification or amendment), viz:

> "First, 'it would confer very comprehensive power on the district judges in the exercise of what is very like that of executive clemency,' United States v. Murray, 275 U.S. 347, 356 [, 48 S.Ct. 146, 72 L.Ed. 309] (1928). Second, since 'successive motions may be made under Rule 35,' Heflin v. United States, 358 U.S. 415, 418 n. 7 [, 79 S.Ct. 451, 3 L.Ed.2d 407] (1959), to extend such power to the district judges would 'subject each to the applications of convicts during the entire time until [the expiration of a third] of the sentences. This would seem unnecessary for the hard worked district judges with their crowded dockets,' United States v. Murray, 275 U.S. 347, 356–357 [, 48 S.Ct. 146, 72 L. Ed. 309] (1928). Third, 'to approve the practice . . . would almost certainly subject trial judges to private appeals or application by counsel or friends of one convicted,' United States v. Smith, 331 U.S. 469, 475 [, 67 S.Ct. 1330, 91 L.Ed. 1610], (1947). Fourth, 'as time passes, the peculiar ability which the trial judge has to pass on the fairness of the [sentence] is dissipated as the incidents and nuances of the trial leave his mind to give way to immediate business,' United States v. Smith, 331 U.S. 469, 476 [, 67 S.Ct. 1330, 91 L.Ed. 1610] (1947). Fifth, 'the established rule embodies the policy of the law that litigation be finally terminated,' United States v. Mayer, 235 U.S. 55, 70 [, 35 S.Ct. 16, 59 L.Ed. 129] (1914)."

At common law a federal court could set aside or modify a valid sentence only during the term at which it was entered. United States v. Welty, 426 F.2d 615 (3 Cir. 1970); Wright's Federal Practice and Procedure, § 587, p. 571. Otherwise, a court was "without jurisdiction or power to alter, amend, or reduce the sentence." Bradford v. United States, 156 F.2d 210, 211 (5 Cir. 1946). The specific time limitations in Rule 35 were "intended to substitute a

**596**

time limitation that would be the same in every case for the arbitrary and erratic term rule." Wright's, supra. In 1966, the time within which the sentencing court could act under Rule 35 was increased from 60 to 120 days; nevertheless, it is clear from the history of the Rule that only the time limitations have been changed by statute. Upon expiration of time limitations, as at·common law, the sentencing court is without power or jurisdiction to alter, amend or reduce a legally imposed sentence.

Accordingly, the petition for modification or amendment of sentence is denied.