**UNITED STATES of America**

v.

**Melvin LEE, Defendant.**

**Crim. A. Nos. 72–69–CH, 72–71–CH.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Oct. 8, 1974.

John A. Field, III, U. S. Atty., Charleston, W. Va., for plaintiff.

Melvin Lee, pro se.

### MEMORANDUM ORDER

K. K. HALL, District Judge.

Melvin Lee, a prisoner in the federal penal institution at Lewisburg, Pennsylvania, has presented to the Court a petition for modifying or correcting the sentences imposed in this Court in two criminal actions. He identifies himself as petitioner and the United States of America as respondent. His petition asks that the sentences be modified, consistent with the language of 18 U.S.C., § 4208(a)(2), to provide that "the prisoner may become eligible for parole at such time as the board of parole may determine." In paragraph 3 of his petition he bases his case for relief on Rule 35, Federal Rules of Criminal Procedure. The Clerk of the Court referred the petition to the United States Magistrate for consideration and report. The Magistrate considered the petition under Rule 35 and so reported to the Court. The petition was filed and the United States Attorney was ordered to respond thereto within 30 days. The United States Attorney has responded, interposing "no objection to entry of an order modifying the sentence of Petition-

er to reflect the provisions of § 4208 (a)(2) of Title 18, United States Code" therein.

A brief factual review of the two criminal actions is important in consideration of and action on the petition. In both cases the defendant-petitioner was charged with distribution of heroin, a narcotic drug controlled substance. In the one case, on a two count indictment, he was convicted in a jury trial and was sentenced on October 20, 1972, to serve two consecutive terms of 15 years each, with a special parole term of 3 years in each case in addition to the imprisonment. In the other case he entered a plea of guilty to the one count indictment and was sentenced on November 29, 1972, to serve a term of 15 years with an additional special parole term of 3 years. By a separate order entered on November 29, 1972, the Court revised the sentences imposed in the earlier case to provide concurrent imprisonment and parole terms therein and to provide that the like terms of imprisonment and parole in the later case be concurrent with the terms in the earlier case. The defendant-petitioner was thus under three concurrent sentences of 15 years each and 3 special parole terms in addition to the imprisonment. 21 U.S.C., § 841(b)(1)(A). His court-appointed attorney filed timely notices of appeal in both cases.

On November 21, 1972, defendant filed a motion for correction or reduction of the sentences imposed in the earlier case and on November 24, 1972, filed a supplemental motion for correction or reduction of the sentences under Rule 35. Both motions were denied by order of November 29, 1972, since a notice of appeal had been filed in the case and question arose as to whether modification of the sentences was then proper under Rule 35. Wright, Federal Practice and Procedure, § 587, pages 573–574 (1969).

The Court of Appeals, Fourth Circuit, affirmed the convictions in both cases on June 13, 1973, and denied a petition for rehearing on July 11, 1973. The United States Supreme Court denied certiorari in the cases on November 19, 1973.

The defendant-petitioner, proceeding in forma pauperis under 28 U.S.C., § 1915, filed a verified motion to vacate his sentences under 28 U.S.C., § 2255, in Civil Action No. 73–352–CH. On December 7, 1973, the Court denied the motion. Section 2255 provides in part:

> The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

The all-writs statute, 28 U.S.C., § 1651, and Rule 35, Federal Rules of Criminal Procedure, contain no similar inhibition on second or successive motions, but Rule 35 contains a time limitation of immediate importance herein. Rule 35 provides:

### Rule 35.

### CORRECTION OR REDUCTION OF SENTENCE

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

Petitioner does not claim that his sentences are illegal or that they were imposed in an illegal manner. He recognizes that his petition was not filed "within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." The Supreme Court, as noted above, denied certiorari on November 19, 1973,

and the petition now before the Court was received in the Clerk's office on June 27, 1974. Petitioner reasons that similar petitions in other courts have been considered long after expiration of the 120-day time limitation of Rule 35 and that he is not asking for a sentence reduction—but for a modification or correction of his sentences.

■ Recognition is given to the principle and policy, as stated by the Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that "[i]n behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." In Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), the Supreme Court, in a case relating to the protective safeguards of habeas corpus, observed:

. . . To make this protection effective for unlettered prisoners without friends or funds, federal courts have long disregarded legalistic requirements in examining applications for the writ and judged the papers by the simple statutory test of whether facts are alleged that entitle the applicant to relief.

On the other hand, recognition is to be given to the basic concept of separation of the powers and functions of government among the legislative, executive and judicial branches thereof. Trial courts may not trespass on the territory of executive clemency or rewrite rules and statutes which control the courts' exercise of powers and functions. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928).

Rule 35 provides that the "court may reduce a sentence within 120 days after the sentence is imposed" or otherwise becomes final on review. Rule 45 provides that the "court may not extend the time for taking any action under" Rule 35. In Wright, Federal Practice and Procedure, § 587 (1969), some of the Rule 35 history is recounted in the following language:

The second sentence of Rule 35 states the time limits in which a defendant may move to have his sentence reduced. When the rule was first adopted the law had been that the court could modify a valid sentence only during the term at which it was entered. The rule was intended to substitute a time limitation that would be the same in every case for the arbitrary and erratic term rule. Since the rule was first adopted terms of court have been abolished by statute.

The basic time period in the rule as originally promulgated was 60 days, but this was changed to 120 days by amendment in 1966. This time limitation is mandatory and the court may not enlarge the time in which to make the motion. A motion for new trial on the ground of newly discovered evidence does not toll the time period set forth in the rule, and the time does not begin to run again after the sentence has once been reduced on timely motion. If the motion is untimely under the rule and the sentence is a lawful one the court is powerless to act. Of course if the sentence is illegal the court may correct it at any time.

The foregoing discussion has been in terms of the time in which the motion must be made. In fact the rule makes no provision for a motion and speaks of the time in which "the court may reduce a sentence." Literally read, the time limits then would apply to the order of the court reducing sentence and the court could not act after the time had gone by even though a prompt motion had been made. Fortunately the courts have avoided so singular a result and have interpreted the time period as related to the filing of a motion for reduction of sentence.

When the time period of Rule 35 was 60 days, the Court of Appeals, Fourth Circuit, in United States v. Koneski, 323 F.2d 862 (4th Cir. 1963), held:

The motion from which the appeal is taken was not timely made. Koneski was convicted and sentenced on March 19, 1962, and the motion was filed almost ten months later on January 16, 1963. Rule 35 Fed.R.Crim.P. pro-

vides that a court may reduce a sentence within sixty days after the sentence is imposed. Rule 45(b) Fed.R. Crim.P. provides that the court may not enlarge the period for taking any action under Rule 35. We perceive no error in the denial of appellant's motion.

In Peterson v. United States, 432 F.2d 545 (8th Cir. 1970), the court held:

Appellant Gerald D. Peterson appeals from a denial of his "Motion for Reduction of Sentence" pursuant to Rule 35, Fed.R.Crim.P. Since Peterson's motion was filed on October 24, 1969, more than 120 days after the denial of his application for writ of certiorari on June 2, 1969, by the United States Supreme Court on his direct appeal, and since the denial order was not suspended pending his application for rehearing, Peterson's motion for a discretionary reduction of sentence under Rule 35 was out of time. Rule 45(b), Fed.R.Crim.P., expressly states that the court may not extend the time for taking any action under Rule 35 except to the extent and under the conditions stated in Rule 35. Consequently, the time limit for reduction of sentence "is jurisdictional—it may not be enlarged or extended for any reason." 8A J. Moore, Federal Practice ¶ 35.02 [2] (2d ed. 1969). . . .

In United States v. Robinson, 457 F.2d 1319 (3rd Cir. 1972), the Court held:

The 120-day time limitation stated in Rule 35 "is jurisdictional and cannot, under any circumstances, be extended by order of the court. Criminal Rule 45(b); United States v. Robinson, 361 U.S. 220, 226, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)." United States Cir.), cert. denied, 393 U.S. 918, 89 S. v. Ellenbogen, 390 F.2d 537, 541 (2d Ct. 241, 21 L.Ed.2d 206 (1968). . . .

Petitioner here, however, reasons in his petition that the modification or correction of his sentences is not considered a reduction in that it "does not shorten the actual sentence that the Petitioner must serve." He cites eight cases in support of his position, none of which is found reported. On the other hand, in United States v. Rush, 60 F.R.D. 211 (D. Minn.1973), the defendant asked the court to amend his sentence "by adding a clause permitting parole under 18 U.S.C., § 4208(a)(2) short of serving the normal one-third of the sentence before being eligible therefor." The 120 day period for reduction of his sentence under Rule 35 long since had expired. He cited the warden of the federal correctional institution and his caseworker as supporting his position. But the Court was not persuaded, as the following language from the opinion discloses:

Unfortunately the court does not read Rule 35 to provide as defendant would contend. In the court's opinion attaching a provision at this time as to when probation may be granted under Section 4208 is to some extent or may result to some extent (as is hoped for by defendant in this case so that it may be considered before expiration of one-third thereof) in a reduction and modification of sentence and is beyond the pale of this court's jurisdiction since the requisite 120 days of Rule 35 have elapsed. . . . Were the court to accede to defendant's request, the actual time he might serve well could be shortened. Certainly, this is a reduction in the practical sense as well as the legal sense.

In Banks v. United States, 365 F.Supp. 594 (N.D.Miss.1973), the Court was not persuaded by an unreported decision, United States v. Paradiso, cited by petitioner Lee in his petition now before this Court. The unreported decision was prepared by District Judge Lawrence A. Whipple in the United States District Court in New Jersey in 1972. But the Court in the *Banks* case did not concur with Judge Whipple, as the following language from the opinion indicates:

With all deference to Judge Whipple, we remain convinced that the alteration of a sentence to include the provisions of 18 U.S.C. § 4208(a)(2) is in effect a reduction in sentence; and, since there is no question as to the

legality of the sentences previously imposed by Judge Clayton, this court is without jurisdiction to consider the present petition. Even assuming the semantic distinction in the statutory language of Rule 35, which refers to reduction of sentences, and Judge Whipple's view that a petition to include the provisions of 18 U.S.C. § 4208(a)(2) seeks merely to "modify" or "amend" the sentence, the Fifth Circuit has consistently held that the statutory period of Rule 35 applies not only to motions or petitions to reduce sentence but to modify them as well. United States v. Granville, 456 F.2d 1073 (5 Cir. 1972); United States Cir.)]; Zaffarano v. Blackwell, 383 F. v. Gorman, supra [431 F.2d 632 (5 2d 719 (5 Cir. 1967).

Chief Judge William C. Keady in the *Banks* case cites five policy considerations and reasons militating against trial courts assuming indefinite jurisdiction to alter legally imposed sentences, whether such alteration be termed a reduction, modification or amendment. The five considerations or reasons are restated as follows:

1. Judicial encroachment on the powers and areas of executive clemency is to be avoided.

2. By assuming indefinite jurisdiction "hardworked district judges with their crowded dockets" would be inviting repeated Rule 35 motions or petitions for the duration of the terms of prisoners.

3. The practice would encourage and invite continued appeals and applications by attorneys and friends of prisoners.

4. With the passage of time, the trial judge's recollection and recall of the facts of the case meriting sentence alteration diminish.

5. An established and abiding rule, principle and policy of law is that litigation be finally terminated.

█ A sixth consideration or reason may be added. Equal justice under the law contemplates administration of criminal justice pursuant to the established rules of law. If a court departs from the rule in one case, it will be expected to do so in other cases. If one court departs from the rule, other courts will be inclined and persuaded to do likewise. A court may reason that departing from the rule in a case will give the petitioning prisoner the relief he desires and no one will complain. The court's order will not be published. But in the case now before this Court, the petitioner cites eight unreported cases as bases for his petition. Case by case departures from the rule will cause erosion and corrosion of equal justice under the law and will tend to develop chaotic charges of discriminatory practices and denials of equal protection.

█ In Irizzary v. United States, 58 F.R.D. 65 (D.Mass.1973), and in United States v. Sockel, 368 F.Supp. 97 (W.D. Mo.1973), the courts indicate greater freedom and liberality in granting relief on Rule 35 motions and petitions when the government poses no objections thereto. This Court does not accept the absence of objections by the government as a valid basis for granting relief not authorized or permitted by law. As aptly quoted in United States v. Lewis, 392 F.2d 440, at 444 (4th Cir. 1968): "Broad as his discretion may be a sentencing judge must always conform with the law governing the sentencing function."

█ Upon consideration of the extensive records in the two criminal actions here involved and the petition for modifying or correcting the prisoner's sentence, the Court finds and concludes:

1. The prisoner's petition for relief under Rule 35, Federal Rules of Criminal Procedure, was received by the Clerk of the Court on June 27, 1974, and was filed by order of the Court on September 13, 1974. The United States Supreme Court denied certiorari in the two criminal actions on November 19, 1973, "denying review of, or having the effect of upholding, a judgment of conviction." The dates, June 27, 1974, and September 13, 1974, are more than 120 days after November 19, 1973.

2. Rule 35 provides that the "court may reduce a sentence within 120 days after the sentence is imposed . . . or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction." The Rule does not mention the date on which the prisoner presents or files his motion or petition for relief. The language of the Rule is clear. Rule 45 provides that "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them." The time limitation of 120 days in the Rule is jurisdictional, as indicated by the language of the Rule and the history detailed by the draftsmen thereof.

3. The petition does not claim that the sentences in the two criminal actions are illegal or that they were imposed in an illegal manner. The petition states that the request for relief "is not considered a sentence Reduction, in that it does not shorten the actual sentence that the Petitioner must serve." The petition has been filed and carefully considered under Rule 35, since it does not appear to satisfy filing requirements and the intent of the all-writs statute, 28 U.S.C., § 1651; or 28 U.S.C., § 2255, relating to motions to vacate, set aside or correct the sentence; or Rule 36, Federal Rules of Criminal Procedure, relating to correction of clerical mistakes; or any other rule or statute.

4. The Court may not be persuaded or influenced by unreported decisions and case by case rulings in other courts. As previously quoted herein, "Broad as his discretion may be a sentencing judge must always conform with the law governing the sentencing function." Courts may not abdicate or deviate from their responsibility to adhere to, to maintain, and to perpetuate the rule of law throughout the land.

5. The petition now before the Court was not timely received or filed and may not be the basis of the sentence modifying or correcting relief sought by petitioner therein. The relief will be denied and the petition will be dismissed.

Wherefore, upon the foregoing consideration and findings and conclusions, it is

Ordered and adjudged that the relief sought in the petition of petitioner, Melvin Lee, be, and it is hereby, denied, and the petition is dismissed.

A corollary of this order and judgment is that all court personnel must be alert to detect and recognize, in the receipt of any motions, petitions or writings from prisoners, any written communication which may be considered as a motion or petition under Rule 35 and must move such communication expeditiously to the Court in order that handling and processing delays may not deny the prisoner any rights or benefits he may have within the 120 day time limitation provided in said Rule 35.

The Clerk is directed to mail by United States mail a certified copy of this Memorandum Order to the petitioner, Melvin Lee, and to the United States Attorney for the Southern District of West Virginia.