**UNITED STATES of America, Petitioner,**

v.

**The Honorable John K. REGAN, United States District Judge, et al., Respondents.**

**No. 74–1559.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Oct. 11, 1974.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for petitioner.

Richard C. Witzel, St. Louis, Mo., for Tocco, and others.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This mandamus proceeding presents to this court for the first time the question whether a district court may modify or alter a sentence more than 120 days after the judgment of conviction has become final by ordering that the sentence imposed be served pursuant to 18 U.S.C. § 4208(a)(2). A review of the pertinent facts is necessary for an understanding of the issue.

On August 19, 1970, Frank James Tocco, Norris Lee Smith, Ralph Long, and Charles Richmond, named as respondents herein, were each convicted of

bank robbery and conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 371. On September 18, 1970, all were sentenced to imprisonment of 20 years under the robbery count and concurrently to 5 years under the conspiracy count. These sentences were to be served pursuant to 18 U.S.C. § 4202, which provides that a federal prisoner becomes eligible to be released on parole after serving one third of his sentence.[1]

On appeal, this court affirmed the convictions of all four men. United States v. Long, 449 F.2d 288 (8th Cir. 1971). Our mandates affirming the convictions of Smith, Long, and Richmond were filed in the district court on November 12, 1971, and the mandate affirming Tocco's conviction was filed on March 17, 1972, after the Supreme Court denied his petition for certiorari. 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 247 (1972).

All four filed motions for reduction of sentence on July 5, 1972, pursuant to Fed.R.Crim.P. 35. Of the four motions, only the one filed by Tocco was within 120 day limit of Rule 35. Each motion was denied by the district court.[2]

On June 21, 1974, Judge Regan entered orders "modifying" the sentence of each of the four to include the provision that the sentence was to be served pursuant to § 4208(a)(2). A federal prisoner serving a sentence under that subsection need not serve a minimum of one third of his sentence before becoming eligible for parole, but rather may be eligible for parole at any time the board of parole determines.

On July 22, 1974, the United States instituted this action for a writ of mandamus or prohibition pursuant to Fed.R.App.P. 21, seeking a writ directing Judge Regan to vacate his orders of June 21 modifying the sentences of the prisoner-respondents. Judge Regan filed an answer to the petition for mandamus stating in part:

> Following the receipt of the renewed motions by defendants for reduction or modification of sentence, this respondent obtained information respecting the institutional records of defendants Tocco, Long, and Smith and it appeared therefrom that their records are such that each of them warrant parole consideration at an earlier date than that which is otherwise available to them under the sentences as originally imposed. Defendant Richmond has not yet entered upon service of the sentence imposed upon him for the reason that he is presently serving a sentence in the Missouri State Penitentiary for an unrelated offense.

Acting sua sponte, we appointed Richard C. Witzel, Esquire, to represent Tocco, Smith, Long, and Richmond. Mr. Witzel filed a comprehensive brief and presented an oral argument in behalf of his clients. We commend Mr. Witzel for his diligent efforts, which clearly demonstrate that he responsibly discharged the duties imposed upon him by virtue of the appointment.

At the outset we take note that at common law it was established that a court could not set aside or alter one of its judgments after the expiration of the term at which the judgment was entered, unless a statute provided otherwise. *See, e. g.,* United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931); United States v. Mayer, 235 U.

---

1. A memorandum to the district court from Chief Probation Officer J. A. MacDoniels, written on March 14, 1974, before the district court issued the order modifying the sentences, stated that Long and Smith would be eligible for parole on February 4, 1977, and Tocco would be first eligible for parole on November 19, 1978. Richmond has not yet begun to serve this federal term since

he is presently in the custody of the state of Missouri serving a sentence upon a state felony conviction.

2. The motion by Tocco was denied by the court on July 24, 1972. Richmond's motion was denied on August 14 and Smith's and Long's motions on September 12 of the same year.

S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914); 12 Cyclopedia Fed.Proced. § 50.108 et seq. (1965 rev.). Since the abrogation of any effect of the expiration of term of court, the provisions of Rule 35 have governed the power of a court in the federal judiciary to reduce sentences. *See* United States v. Ellenbogen, 390 F.2d 537 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968).

Rule 35 expressly grants jurisdiction to a district court to correct an illegal sentence at any time, and authorizes the court to reduce a sentence or correct a sentence imposed in an illegal manner within 120 days after receipt by the court of the mandate of affirmance on appeal or within 120 days after disposition by the Supreme Court upholding the conviction.

■ Numerous courts have held that this 120 day limit is absolute, and may not be extended for any reason, since the federal rules of criminal procedure themselves provide that the time limit in Rule 35 cannot be enlarged. *See* Fed.R.Crim.P. 45(b). The time limit in Rule 35 is considered jurisdictional, and once the 120 day period has passed a court is without power to reduce a valid sentence pursuant to Rule 35. United States v. Mehrtens, 494 F.2d 1172 (5th Cir. 1974); Peterson v. United States, 432 F.2d 545 (8th Cir. 1970); United States v. Gorman, 431 F.2d 633 (5th Cir. 1970); United States v. Ellenbogen, *supra.*

There is precedent holding that a district court may consider an untimely Rule 35 motion under certain circumstances. *See* Dodge v. Bennett, 335 F.2d 657 (1st Cir. 1964). Unlike this proceeding, however, in that case there was a good faith attempt by the prisoner to comply with the prescribed time limit, but for reasons wholly beyond his control and attributable to governmental negligence, the Rule 35 motion did not timely reach the court. We therefore do not consider the holding of that case as apposite here, since the instant facts do not evince the aggravated and unjust circumstances outlined in the *Dodge* opinion. There are no circumstances on this record justifying a holding that the district court should act upon these grossly untimely motions in the interests of equity.

The four prisoner-respondents, however, argue that even if the 120 day period is an absolute jurisdictional limit to the district court's power to reduce sentence under Rule 35, the district court could amend their sentences beyond the 120 day period because the addition of a 4208(a)(2) parole provision is not truly a "reduction" of sentence, but rather only a "modification" and not within the ambit of Rule 35. They maintain that no reduction of sentence is involved here and Rule 35 therefore does not apply because they will still be within the custody of the Attorney General on their sentences even if they are paroled.

Initially, we note that the prisoner-respondents' contention that the June 21 orders were not issued pursuant to Rule 35 is apparently contrary to the intention of the author of those orders. Judge Regan, in his answer to the application for the writ of mandamus, stated that

> this respondent determined in view of the length of the original sentences to reconsider his previous orders overruling the motions for reduction or modification of sentences by authorizing the same to be served under the provisions of Section 4208(a)(2)
> . . . .

This language indicates that Judge Regan believed that he was acting upon Rule 35 motions to reduce sentence and strongly suggests that he considered himself to be in effect reducing the sentences of the four men.

■ In addition, those cases which have previously ruled on this question have held that the addition of a 4208(a)(2) parole provision to a sentence is a "reduction" in sentence. *See* United States v. Bryan, 498 F.2d 366 (5th Cir. 1974); Banks v. United States, 365 F. Supp. 594 (N.D.Miss.1973); United

States v. Rush, 60 F.R.D. 211 (D.Minn. 1973). Although a prisoner is still technically within the custody of the Attorney General while on parole, nevertheless the effect of adding the 4208(a)(2) parole provision to a sentence is to provide the opportunity for the prisoner to be released from imprisonment earlier than was possible under the original sentence being served pursuant to 18 U.S.C. § 4202. As Judge Neville noted in United States v. Rush, *supra,* 60 F.R.D. at 212, "Certainly this is a reduction in the practical sense as well as the legal sense." It seems apparent to us that an order reducing the required minimum period of incarceration from one third of the total sentence to zero is a reduction of sentence within the meaning of Rule 35 and not allowed after the 120 day period has expired.

But even if the orders in question were not reductions in sentence pursuant to Rule 35, we have already noted above that the district court is without power to issue an order affecting its judgment absent an express statutory grant of authority. Two of the prisoner-respondents pro se seek to find such a grant of authority in the very language of 4208(a)(2). They point out that 4208(a)(2) states no specific time limit in granting to the district court the authority to sentence a prisoner to a maximum term and then allow the board of parole to parole the prisoner at the board's discretion. Consequently, they argue that since the subsection states no time limit, such sentencing pursuant to 4208(a)(2) may take place at any time.

■ This argument, however, overlooks the prefatory language of § 4208(a), which obviously is intended to apply to both 4208(a)(1) and 4208(a)(2):

> (a) *Upon entering a judgment of conviction,* the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may. . . .
> [Emphasis added.]

The language of the statute quoted above and a recent Supreme Court opinion strongly suggest that the sentencing options available to the district court pursuant to 18 U.S.C. § 4208(a)(1) and (2) are intended to be exercised only upon entering the judgment of conviction and not subsequently as in the present case. *See* Bradley v. United States, 410 U.S. 605, 610–611, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Consequently, § 4208(a)(2) cannot be construed as granting the district court authority independent of Rule 35 to modify or reduce sentences after the 120 day period has expired.

We have been referred to no other statutory provision or federal rule which would serve as a grant of authority to the district court to reduce or modify the the sentences in question independent of the power granted the court in Rule 35. In any event, in light of the policy considerations enumerated in Chief Judge Keady's opinion in Banks v. United States, *supra,* 365 F.Supp. at 595, we are not inclined to rule that the district court has some broad power, undefined by statute or rule, to subsequently reduce or substantially modify sentences.

■ Finally, the argument is made that the Bureau of Prisons has so regularly permitted or tolerated such untimely modifications of sentences by district courts in the past that, even if the district court was without authority to issue the June 1974 orders, the government should be estopped from asserting that the orders are invalid for lack of jurisdictional authority by the court. Apparently the Bureau of Prisons did acquiesce in at least some orders of district courts amending sentences after the 120 day limit of Rule 35 to include the provisions of 4208(a)(2) in the sentence. But an affidavit of Eugene N. Barkin, Assistant Director and General Counsel of the Bureau of Prisons, dated September 10, 1974, and submitted to this court at oral argument, indicates that the Bureau is re-

considering this former policy in light of the language in the recent Supreme Court opinion of the Bradley v. United States, *supra,* suggesting that a sentencing court is without jurisdiction to employ § 4208(a) except upon entry of judgment of conviction.

In any event, we find nothing in this record to justify application of any principle of estoppel. *See generally,* 28 Am.Jur.2d Estoppel and Waiver §§ 76–78.

In summary, we hold that the court was without authority to issue the orders which are the subject of this proceeding.

Accordingly, writ of mandamus is ordered to be issued directing the Honorable John K. Regan to vacate his orders of June 21, 1974, amending the sentences of Frank James Tocco, Norris Lee Smith, Ralph Long, and Charles Richmond.