**UNITED STATES of America, Appellee,**

v.

**David Barnard CRAWFORD, Appellant.**

**No. 74–1695.**

United States Court of Appeals, Fourth Circuit.

Submitted February 14, 1975.

Decided April 3, 1975.

John K. Grisso, U. S. Atty., and Jack L. Marshall, Asst. U. S. Atty., on brief for appellee.

David B. Crawford, pro se.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

This is an appeal by David Crawford from an order of the district court dismissing his motion for a modification of his sentence to make it indeterminate under 18 U.S.C. § 4208(a)(2). Crawford was convicted of violations of 18 U.S.C. § 472 and § 473 and, on October 29, 1971, was sentenced to a prison term of ten years. The conviction was affirmed on appeal. United States v. Crawford, Slip Op. 71–2022 (4 Cir. May 30, 1972). On April 15, 1974, the district court received from Crawford a petition entitled "Motion for Amended Sentence." The petition requested that Crawford's "straight" ten-year sentence be modified so that parole eligibility could be calculated pursuant to the indeterminate sentencing provisions of 18 U.S.C. § 4208(a)(2). The district court, construing the document as a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, dismissed for lack of jurisdiction since the motion proposing modification of the sentence was filed later than the 120-day period allowed by the rule. Crawford has appealed, pressing the claim that Rule 35's 120-day time limit does not apply since he is not technically requesting that his ten-year sentence be reduced. For reasons hereinafter stated, we affirm.

Crawford has directed our attention to several instances where, in unpublished orders, district court judges, including one within our own circuit, have granted motions identical to the one he submitted long after Rule 35's time limit had expired. Nevertheless, the published authorities appear to be in full agreement in adopting the view that Rule 35 is applicable. United States v. Regan, 503 F.2d 234 (8 Cir. 1974); United States

v. Bryan, 498 F.2d 366 (5 Cir. 1974); Banks v. United States, 365 F.Supp. 594 (N.D.Miss.1973); United States v. Rush, 60 F.R.D. 211 (D.Minn.1973). We have carefully examined the briefs and authorities and conclude that motions to modify sentences so that parole may be determined under 18 U.S.C. § 4208(a)(2) *must* be submitted pursuant to Rule 35's time constraints. We agree that modification of a sentence to include the provisions of 18 U.S.C. § 4208(a)(2) is in effect a reduction in sentence; "[w]ere the court to accede to defendant's request, the actual time he might serve well could be shortened. Certainly, this is a reduction in the practical sense as well as the legal sense." United States v. Rush, *supra,* at 212. Since Crawford's motion was not timely filed, relief under Rule 35 is unavailable. United States v. Koneski, 323 F.2d 862 (4 Cir. 1963). Rule 45(b), Fed.R.Crim.P., specifically prohibits enlarging the time otherwise provided for filing a petition pursuant to Rule 35.

If we were to accept Crawford's argument that his petition is not properly a motion for "reduction" of sentence within the scope of Rule 35, the district court would be without any authority to modify the sentence originally imposed. United States v. Regan, *supra,* 503 F.2d at 238. In Bradley v. United States, 410 U.S. 605, 611, 93 S.Ct. 1151, 1155, 35 L.Ed.2d 528 (1973), the Supreme Court strictly construed the language of 18 U.S.C. § 4208 to conclude that "the decision to make early parole available under § 4208(a) *must* be made '[u]pon entering a judgment of conviction,' which occurs before the prosecution has ended." (Emphasis added.) *Cf.,* United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); Affronti v. United States, 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955). The Supreme Court noted in *Bradley* that imposition of the sentence in a criminal case constitutes final judgment and terminates the prosecution. The statute itself, therefore, does not authorize adding a § 4208(a) provision after a sentence is originally imposed.

While there may be merit to Crawford's assertions that penal rehabilitative efforts would be facilitated by the possibility that a straight sentence could be changed to one of indeterminate length, any change in 18 U.S.C. § 4208(a) or Rule 35 is for Congress and not the courts.

Accordingly, the judgment of the district court is affirmed.

Affirmed.