**WAYNE GRAHAM, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Crim. No. 76/53

District Court of the Virgin Islands

Div. of St. Croix

February 3, 1977

YOUNG, *District Judge*

MEMORANDUM OPINION WITH ORDER ATTACHED

Petitioner Wayne Graham moves pro se for a reduction of sentence, citing 5 V.I.C. § 3711 (Suspension of sentence and probation) as the statute governing his request. He seeks a reduction for the reason, in essence, that he has fulfilled the hope of the Judge that the time now spent in prison has helped him to sort out his morals. He is eighteen years of age and has come to repent genuinely of his wrong with the help of strengthened religious convictions.

After a jury verdict of guilty, petitioner was sentenced to ten years on 6/11/76, along with three co-defendants for first degree rape which term is one-half the maximum sentence allowed (14 V.I.C. § 1701(3)). His sentence commenced from 3/24/76, since credit was given for 79 days pre-trial detention. One co-defendant, sentenced for ten years for rape and two years for kidnapping, appealed

his conviction, but the Third Circuit Court of Appeals affirmed the conviction (Judgment Order, Cr. No. 76/1881, dated December 14, 1976).

If petitioner continues his alleged good behavior, as it would seem likely if he continues his repentance and his efforts to improve his schooling while in prison, he will be eligible for parole after serving one-third of his sentence (approximately three and one-half years from 3/24/76) (5 V.I.C. § 4601).

Petitioner concedes that his petition is untimely, that is, not within the 120 days required by Rule 35 of the F.R.Cr.P. after a sentence is imposed (petitioner did not appeal). He does not allege that he wanted to appeal. He merely recites that his attorney refused to handle post-conviction matters. Under Rule 45(b) of F.R.Cr.P. I am without jurisdiction even to consider whether such is excusable neglect, for it expressly forbids enlarging the time for taking action under Rule 35, except to the extent stated therein. One hundred twenty days is the absolute time limit stated. United States v. Robinson, 457 F.2d 1319 (3d Cir. 1972) ; United States v. Crawford, 512 F.2d 1254, 1255 (4th Cir. 1975); United States ex rel. Murphy v. Carlson, 389 F.Supp. 669 (E.D.Pa. 1975) (where lawyer for defendant did not fulfill promise to file petition for reconsideration of sentence and defendant's pro se petition was unacceptable as untimely) ; United States v. Koenig, 462 F.2d 614 (3d Cir. 1972) (where sentence imposed was within range allowed, and pro se petition denied as untimely).

I deem petitioner's request for a suspended sentence and probation under 5 V.I.C. § 3711 the same as a request for reduction of sentence under R. 35 of the F.R.Cr.P. Therefore, because of untimeliness, such request is beyond the jurisdiction of this Court. United States v. Crawford, 512 F.2d 1254, 1255 (4th Cir. 1975), (where Court held

that R. 35 is applicable when motion is technically not for reduction of sentence but for modifying sentence so that parole may be determined). Courts have thus consistently read the time limit of R. 35 literally.

### ORDER

For the reasons stated in the Memorandum Opinion of even date herewith, it is

ORDERED that the motion of Wayne Graham, filed pro se for a reduction of sentence is DENIED.