**UNITED STATES of America**

v.

**Edward FERRADA, a/k/a Gino Fantuzzi, et al., Defendants.**

**No. 70–CR–408.**

United States District Court, E. D. New York.

June 4, 1975.

Edward Ferrada, Luis Ureta Morales and Milagros Claudina Leiros, pro se.

David G. Trager, U. S. Atty., for the United States by Peter R. Schlam, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

JUDD, District Judge.

## MEMORANDUM

Defendants have applied for reduction or modification of the judgments of conviction previously imposed on them. They were convicted in April 1971 of conspiracy to sell cocaine. Recently they testified for the government at the trial of a co-conspirator, Robert Bennett Schwartz, who was sentenced last week.

■ The time to apply for a reduction of sentence under F.R.Cr.P. 35 has long since passed. The court does not consider it proper to reduce a sentence after the expiration of the time fixed by the rule, even if the government states that it has no objection.

On the other hand, modification of the judgment with respect to eligibility for parole is a different matter.

There appear to be precedents, although unreported, for modification of a sentence so as to provide for parole consideration under 18 U.S.C. § 4208(a)(2), even after the expiration of the 120-day time limit imposed by F.R.Cr.P. 35. In Hernandez-Yepes v. United States, 74–C–214 (E.D.N.Y. March 1974), in granting such modification, Judge Neaher said that the application was not "a classic reduction of sentence" under Rule 35 since "[t]he effect of the added provision would be no more than to open the door to parole eligibility at the discretion of the Parole Board." Such a modification does not reduce the period of confinement except as the Parole Board may determine. This is an especially appropriate case to exercise that power of modification.

At the time of the conviction, a defendant sentenced for violation of 21 U.

S.C. §§ 173 and 174 was not eligible for parole. 26 U.S.C. § 7237(d). That statute was repealed effective May 1, 1971. A subsequent amendment to Section 702 of Pub.L. 91–513 removed the restriction against parole for persons who had been convicted under the old statute. 21 U. S.C. § 321(d).

The court had no occasion at the time of the original sentence to consider the use of 18 U.S.C. § 4208(a)(1) or (a)(2) in sentencing because those provisions were not applicable. The defendants' cooperation with the government since they were incarcerated is a factor that should be considered in relation to parole.

The court will therefore enter amended judgments of conviction providing that each defendant may be eligible for parole pursuant to 18 U.S.C. § 4208(a)(1) from and after June 1, 1975.