**UNITED STATES of America, Plaintiff,**

v.

**James Terryll WHITLEY, Defendant.**

No. 75–81380.

United States District Court,
E. D. Michigan, S. D.

March 15, 1979.

Ellen G. Ritteman, Asst. U. S. Atty., and James K. Robinson, U. S. Atty., Detroit, Mich., for plaintiff.

James Terryll Whitley, in pro. per.

MEMORANDUM OPINION REGARDING
DEFENDANT'S MOTION FOR
SENTENCE MODIFICATION

JULIAN ABELE COOK, Jr., District Judge.

This was a case in which Judge Damon Keith, formerly a Judge on this Bench and

now a United States Circuit Court of Appeals Judge, sentenced the Defendant to thirty-five (35) years imprisonment for bank robbery. Defendant was convicted in July of 1976 under 18 U.S.C. § 2113(a) & (d). Because I have inherited Judge Keith's docket, it is for me to rule on this Motion.

The Defendant indicates that he does not wish to have his Motion considered as a Motion for Reduction of Sentence, but rather as a Motion for Sentence Modification as indicated in the case of *U. S. v. Ferrada*, 395 F.Supp. 46 (E.D.N.Y.1975).

■ If the Defendant's Motion was a Motion for Reduction of Sentence or were we to construe it as such, his Motion would have to fail for want of jurisdiction. Motions for Reduction of Sentence must be brought within one hundred and twenty (120) days after sentence is imposed. If the one hundred and twenty (120) days pass, the District Court no longer has the authority to act upon the Motion. See *U. S. v. Norton*, 539 F.2d 1082 (5th Cir. 1977); *U. S. v. U. S. District Court, Central District*, 509 F.2d 1352 (9th Cir. 1975), *cert. denied*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1976); *U. S. v. Ellenbogen*, 390 F.2d 537 (2nd Cir. 1968).

The Movant asks this Court to take into consideration certain subjective criterion which is, in essence, a Motion for Reduction of Sentence, notwithstanding the entitlement. However, we will consider his contention that this is a Motion for Modification.

■ In 1976, Congress amended Chapter 311 of Title 18. Some of the language of the former 18 U.S.C. § 4202 was incorporated into 18 U.S.C. § 4205(a). Most of the former 18 U.S.C. § 4208 is now 18 U.S.C. § 4205(b) & (c). 18 U.S.C. § 4205(a) states that a prisoner becomes eligible for parole after serving one-third (⅓) of his sentence or, in the case of a life or greater than thirty (30) year sentence, after ten (10) years. § 4205(b) (formerly § 4208(a)) permits the Court (1) to set a minimum sentence after the expiration of which the Defendant can be released on parole if the Parole Commission allows. Through these provisions, the sentencing judge, if he/she wishes, can bypass the one-third (⅓) or ten (10) year requirement of § 4205(a). However, there is Supreme Court dicta which indicates that the initial words of § 4208(a) (now § 4205(b)) "[u]pon entering a judgment of conviction" should be interpreted as prohibiting the trial judge from selecting the § 4205(b) alternative mode of sentencing AFTER the Defendant has been sentenced. *Bradley v. U. S.*, 410 U.S. 605, 610–11, 93 S.Ct. 115, 1155, 35 L.Ed.2d 528 (1973). Therefore, after Judge Keith acted pursuant to what was then 18 U.S.C. § 4202 (now § 4205(a)), neither he nor this Court could modify the sentence in a manner it would be considered as being served under 18 U.S.C. § 4205(b) (formerly § 4208(a)). *See U. S. v. Regan*, 503 F.2d 234 (8th Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975). Additionally, *Regan* pointed out that such a Motion for Modification was a disguised Motion for Reduction of Sentence under Rule 35 and thereby imperishably defective for failure to meet the one hundred and twenty (120) day requirement. *See also Oeth v. U. S.*, 390 F.2d 609 (5th Cir. 1968).

The case cited by the Defendant, *U. S. v. Ferrada*, 395 F.Supp. 46 (E.D.N.Y.1975), does not consider the Supreme Court's pronouncement in *Bradley*. In fact, discussion about, or interpretation of, the critical language in § 4208(a) (now § 4205(b)) is not forthcoming. Notwithstanding these difficulties, we note an important factual distinction between the *Ferrada* case and the case before us. In *Ferrada*, the Defendant could not be eligible for parole in view of the crime that he committed. Subsequent to his sentencing, the statute prohibiting parole was repealed. The sentencing judge, at the time the Motion was presented, was faced with very different alternatives than he was at the time of sentencing. However, the justification of this result is somewhat weakened by the fact that the sentencing judge could have elected to utilize § 4208(a) (now § 4205(b)) at the time of sentencing. Realistically, the *Ferrada* case bottoms on the proposition that the Court

should be able to utilize § 4208(a) (now § 4205(b)) in view of considerations which were not before the Court at the time of sentencing; i. e., the Court, as indicated hereinbelow, should be able to utilize that provision *AFTER* sentencing if there is a significant change in circumstance:

"The court had no occasion at the time of the original sentence to consider the use of 18 U.S.C. § 4208(a)(1) or (2) in sentencing because those provisions were not applicable. The Defendant's cooperation with the Government since they were incarcerated is a factor that should be considered in relation to parole."

*Id.* at 47.

■ The *Ferrada* case justifies the Motion as one not within the purview of Rule 35 because " '[t]he effect of the added provision would be no more than to open the door to parole eligibility at the discretion of the Parole Board.' Such a modification does not reduce the period of confinement except as the Parole Board may determine." *Id.* *Ferrada* does not represent the state of the law as best demonstrated by the Supreme Court dicta in *Bradley* and other cases (particularly *Regan*) cited above. The better rule is that a sentencing judge may not modify a sentence as to parole after he has imposed sentence under § 4205(a) (formerly § 4202).

The Motion is thereby denied.