**UNITED STATES of America, Plaintiff,**

v.

**Eddie Lee ALSTON, Defendant.**

**Crim. No. 77–198.**

United States District Court,
District of Columbia.

Dec. 19, 1980.

Raymond Banoun, Asst. U. S. Atty., Washington, D. C., for United States of America.

Allan Abbot Tuttle, Washington, D. C., for defendant Eddie Lee Alston.

*MEMORANDUM AND ORDER*

SIRICA, District Judge.

This matter is before the Court on the motion for modification of sentence of the defendant, Eddie Lee Alston. The defendant was convicted on a number of counts involving fraudulent credit transactions and was sentenced by this Court to serve a term of incarceration of not less than 20 months or more than five years in accordance with 18 U.S.C. § 4205(b)(1) (1976).

The defendant has moved to modify his sentence made pursuant to § 4205(b)(1) so that it may be considered as a sentence made pursuant to § 4205(b)(2). Such a change would serve to eliminate the minimum term set by the Court and permit the defendant to be "released on parole at such time as the Commission may determine."[1]

It is undisputed that the motion falls outside the jurisdictional time limit for the reduction of a sentence imposed by Rule 35 of the Federal Rules of Criminal Procedure. Despite this, the defendant argues that the Court retains jurisdiction to so modify the sentence on the authority of *United States v. Ferrada*, 395 F.Supp. 46 (E.D.N.Y.1975). That decision permitted such a modification after the expiration of the Rule 35 time limit in the belief that the change was not a reduction of sentence subject to the Rule. *Id.* at 47.

However, a number of similar decisions dealing with the modification of a sentence

---

1. 18 U.S.C. § 4205(b) provides:

    Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

to permit release on parole have found to the contrary. *See, e. g., United States v. Crawford*, 512 F.2d 1254 (4th Cir. 1975); *United States v. Regan*, 503 F.2d 234 (8th Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975); *United States v. Whitley*, 473 F.Supp. 23 (E.D. Mich.1979); *United States v. Rush*, 60 F.R.D. 211 (D.Minn.1973). The Court agrees with the rationale expressed in these decisions that a modification of a sentence to provide the opportunity for release earlier than was possible under the original sentence is a reduction in a practical as well as a legal sense. *Id.*

It should also be noted that the factual situation in *Ferrada* is distinguishable in an important regard from the one before this Court. In the present instance, the sentencing alternatives provided by § 4205(b)(1) and (b)(2) were both available to this Court for consideration at the time of sentencing. The *Ferrada* court, on the other hand, did not have these alternatives before it at the time of the original sentencing, and so it was persuaded to modify the sentence to permit them to be considered when they subsequently became available due to statutory changes. *United States v. Ferrada, supra* at 47.[2]

In addition, Congress has provided for the case of the exceptional prisoner in § 4205(g). In contrast to § 4205(b), it specifically confers jurisdiction upon the Court to entertain, at any time, a motion by the Bureau of Prisons to "reduce any minimum term to the time the defendant has served." No § 4205(g) motion has been made on the defendant's behalf.

Finally, even assuming that the Court has jurisdiction to act upon the motion of the defendant, the decision to grant the same would be a matter entrusted to the sound discretion of the Court. The Court on the record before it would not exercise its discretion to grant such a motion.

Accordingly, it is this 19th day of December 1980,

ORDERED that the motion for modification of sentence of the defendant be, and the same hereby is, denied.

---

2. The *Ferrada* decision referred to the sentencing alternatives of 18 U.S.C. § 4208(a) (1970).

In 1976, this section was recodified in substantially the same form as 18 U.S.C. § 4205(b).