UNITED STATES of America, Plaintiff,

v.

Samuel Nelson WEBB, Defendant.

No. CR–75–46–D.

United States District Court,
W. D. Oklahoma.

Jan. 15, 1981.

John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Robert M. Hessin, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

On February 20, 1975, this Court sentenced Samuel Nelson Webb (Webb) to two twenty-five year concurrent terms of imprisonment for two counts of assaulting a postal clerk with intent to rob in violation of 18 U.S.C. § 2114. Webb appealed his conviction to the Court of Appeals for the Tenth Circuit and the judgment and sentence was affirmed on November 21, 1975.

On December 12, 1980, Webb filed herein a "Motion to the Court" pursuant to Rule 35, Federal Rules of Criminal Procedure, and a "Petition for Appointment of Counsel Pursuant to the Provisions of 18 [sic] U.S.C.

Section 1915," both of which are supported by Briefs and exhibits. No response was requested from or filed by the United States.

In his Motion Webb asks this Court to modify his sentence imposed on February 20, 1975, to allow him to be considered for parole at any time under the provisions of 18 U.S.C. § 4205(b)(2). Under his present sentence Webb must serve one-third of his sentence before he is eligible to be considered for parole. 18 U.S.C. § 4205(a). In support of his Motion Webb has provided this Court with several unpublished decisions of United States District Courts from various jurisdictions in which said Courts granted modifications similar to the one sought by Webb.

■ Upon examination of Webb's Motion, the Court finds that the same should be denied.

Rule 35, *supra*, provides:

(a) Correction of Sentence.—The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence.—The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Rule 35 speaks to three distinct matters. First, it provides a procedure for the correction of an illegal sentence. Next, it provides for correction of a sentence imposed in an illegal manner. And third, it authorizes the Court to reduce a lawful sentence if, on further reflection, the Court believes that it has been unduly harsh. An illegal sentence may be corrected at any time. The other two procedures authorized by Rule 35 must be done within the time specified in the Rule.

■■ A motion for modification of sentence to allow a movant to be considered for parole at any time rather than requiring the movant to serve one-third of his sentence prior to being considered for parole is nothing more than a motion for reduction under Rule 35, *supra*, and therefore such a motion is subject to the 120-day requirement. *United States v. Regan*, 503 F.2d 234 (Eighth Cir. 1974), *cert. denied*, 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975); *United States v. Whitley*, 473 F.Supp. 23 (E.D.Mich.1979). The 120-day time limit is jurisdictional and once said time limit passes a district court is without power to reduce a valid sentence under Rule 35, *supra*. *United States v. Crawford*, 512 F.2d 1254 (Fourth Cir. 1975); *United States v. Regan*, *supra; United States v. Whitley*, *supra; Banks v. United States*, 365 F.Supp. 594 (N.D.Miss.1973); *United States v. Howell*, 103 F.Supp. 714 (S.D.W.Va.1952), *aff'd* 199 F.2d 366 (Fourth Cir. 1952).

In the instant case Webb has made no allegations that his sentence was illegal or imposed in an illegal manner. Furthermore, the Motion in question was filed well past the 120-day time as Webb was sentenced on February 20, 1975, his sentence was affirmed on appeal on October 28, 1975, the mandate of affirmance was filed in this Court on November 21, 1975, and his Motion was not filed until December 12, 1980. Therefore, Webb's Motion is out of time and this Court lacks jurisdiction to consider the same.

■ Moreover, the statute under which Webb seeks relief, 18 U.S.C. § 4205(b)(2), requires that the decision to make early parole available must be made "upon entering a judgment of conviction." Therefore, this Court is prohibited from selecting the alternative mode of sentencing under § 4205 after a defendant has been sen-

tenced. *United States v. Whitley, supra; see also, Bradley v. United States*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973).

Furthermore, if the Court had the authority to reduce the sentence as requested it would not do so in the exercise of its discretion. The sentence imposed was fair, proper and reasonable under the circumstances and should not be disturbed in the best interests of society.

As to Webb's "Petition for Appointment of Counsel Pursuant to the Provisions of 18 [sic] U.S.C. Section 1915", appointment of counsel in an action to correct or reduce a sentence is discretionary with the Court. *See generally Desmond v. United States Board of Parole*, 397 F.2d 386 (First Cir. 1968), *cert. denied*, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); *see also* 28 U.S.C. § 1915. As the instant action by Webb was not only filed out of time but is without merit, the Court in the exercise of its discretion also declines to appoint counsel for Webb in connection with the Motion first above mentioned.

Accordingly, Movant Webb's Motion to the Court and Petition for Appointment of Counsel should both be overruled.