**UNITED STATES of America**

v.

**Joseph MOGAVERA, Defendant.**

**Crim. No. 75–300.**

United States District Court,
D. New Jersey.

April 8, 1982.

W. Hunt Dumont, U. S. Atty. by William C. Cagney, Asst. U. S. Atty., Newark, N. J., for the U. S.

Stephen A. Russo, New York City, for defendant.

OPINION

BIUNNO, Senior District Judge.

Mogavera was sentenced October 24, 1975 (a) to a term of 5 years on Count 112 of Crim. 75–295, consecutive to his then New York sentence, and (b) to a consecutive term of 1 year on Count 1 of Crim. 75–300. This latter one-year sentence was suspended and defendant placed on probation for 5 years to follow release from supervision on Count 112 of Crim. 75–295.

On May 28, 1976, a Rule 35 motion was filed (more than 3 months late) as to the 5-year sentence in Crim. 75–295. Despite the late filing, that sentence was modified December 14, 1976 to make Mogavera eligible for release at such time as the then board of parole might determine under 18 U.S.C. § 4208(a)(2) [now, § 4205(b)(2)].

The defendant, by an attorney, now applies under Rule 35 for modification of the 1 year sentence, suspended with probation, imposed in Crim. 75–300. The moving papers give the impression that the 1976 application was never acted on and is still open. It says, near the bottom of page 4:

"... it is respectfully requested that this Court reconsider and reevaluate the motion previously filed on behalf of this defendant pursuant to Rule 35 ..."

However, as noted above, the 1976 motion dealt with and involved only the 5 year

sentence in Crim. 75–295, and not the 1 year sentence (suspended with 5 years probation) in Crim. 75–300. That motion is not open, and there is nothing to be reconsidered in that regard.

In fact, Mogavera served out his earlier New York sentence until September 8, 1976 and was released to federal custody on the 5 year sentence at that time. His papers say he served that sentence until November 22, 1979 when he was released on parole, and is now under supervision on the probationary sentence of Crim. 75–300.

At one time, in a series of decisions in this Circuit, a rule had gradually developed that allowed trial judges to reduce sentences on applications made long after the 120 day time limit of F.R.Crim.P. 35 had run, through motions under 28 U.S.C. § 2255. These were grounded on the proposition that the refusal of the former Board of Parole (now, the Parole Commission) to release a prisoner frustrated the sentencing intentions and expectations of the trial judge.

The line includes *U. S. v. Salerno* (Silverman), 538 F.2d 1005 (CA 3, 1976), reh. den. 542 F.2d 628 (CA 3, 1976) (a former § 4208(a)(2) sentence); *U. S. v. Somers*, 552 F.2d 108 (CA 3, 1977) (also a § 4208(a)(2) sentence); *U. S. v. Solly*, 559 F.2d 230 (CA 3, 1977) (a former § 4208(a)(1) sentence).

In *U. S. v. Addonizio*, (not officially reported), the late Hon. George H. Barlow in this court extended the rule and applied it to a "straight" sentence, which began to run on receipt of the prisoner at the institution, 18 U.S.C. § 3568, with eligibility for parole set after serving one-third of the term (if over 180 days), or after serving 15 years under a life sentence or one for more than 45 years, under former 18 U.S.C. § 4202 (repealed). The corresponding current provisions are in 18 U.S.C. § 4205(a) (1976), under which the one-third provision is retained but the 15 year provision is reduced to 10 years and made applicable to life sentences and to term sentences of more than 30 years.

At about the same time as *Addonizio* was decided at the trial level, Thomas J. Whelan and Thomas M. Flaherty made like motions under § 2255, but these were denied. *Whelan v. U. S.*, 427 F.Supp. 379 (D.N.J., 1977).

The United States appealed the order modifying sentence in *Addonizio*, and Whelan and Flaherty appealed the denial of their motion. In a single opinion for all these matters, the "frustration of sentence expectations" concept was extended to straight sentences. The modifying order in *Addonizio* was affirmed, while the denial order in *Whelan* and Flaherty was vacated and remanded for further proceedings. *Addonizio v. U. S.*, 573 F.2d 147 (CA 3, 1978).

After remand, the former 15 year straight sentences imposed on Whelan and Flaherty were modified to a 10 year sentence on all but one count, and a consecutive 5 year sentence on the remaining count with execution suspended and 5 years probation to follow release from parole supervision on the 10 year term. *U. S. v. Whelan*, 456 F.Supp. 744 (D.N.J.1978), aff'd 601 F.2d 578 (CA 3, 1979).

Meanwhile, certiorari was sought and granted December 11, 1978 to the 9th Circuit in *Bonanno v. U. S.* [see 571 F.2d 588 (CA 9, 1978)] and in *Addonizio, Whelan* and *Flaherty* [see 573 F.2d 147 (CA 3, 1978)], the cases were consolidated (Nos. 77–1665 and 78–156) and one hour allotted for oral argument. See 439 U.S. 1045, 99 S.Ct. 719, 58 L.Ed.2d 704. On March 26, 1979 a motion for divided argument was granted, 440 U.S. 970, 99 S.Ct. 1530, 59 L.Ed.2d 786.

On June 4, 1979, the decision of the Supreme Court of the United States reversed the *Addonizio* ruling in this Circuit. Argument was heard from the United States, and from the attorneys for Addonizio, for Whelan and for Flaherty. The *Bonanno* decision, indicated as having been consolidated, is mentioned in footnote 6 as "cert. dismissed, 439 U.S. 1136 [99 S.Ct. 1061, 59 L.Ed.2d 449]".

■ The opinion itself discussed only the Addonizio case, with Whelan and Flaherty

mentioned in footnote 7, and the ruling was that § 2255 could not be used to gain the effect of permitting sentence reductions after the 120 day limit of F.R.Crim.P. 35 had expired. Thus, the decisions in *Salerno, Somers* and *Solly*, as well as that in *Addonizio*, are no longer valid precedent. Compare *Musto v. U. S.*, 571 F.2d 136 (CA 3, 1978) where the "frustration" concept was not applied.

Since Mogavera's Rule 35 motion is now filed far beyond the specified 120 day limit, this court has no authority to act on it, and it will be dismissed.