**The UNITED STATES of America**

v.

**Walter WIESE.**

**No. CR–80–114.**

United States District Court, W. D. New York.

June 4, 1982.

Roger P. Williams, U. S. Atty., Barry J. Finkelstein, Atty., Dept. of Justice, Buffalo, N. Y., for plaintiffs.

E. Carey Cantwell, Buffalo, N. Y., for defendant.

## ORDER

ELFVIN, District Judge.

The abovenamed individual having timely moved pursuant to Fed.R.Cr.P. rule 35 for a reduction of the eight-year sentence I imposed upon him, and having supported said motion by an affidavit and memorandum of his attorney and letters from said attorney and said individual's wife (showing that said individual has suffered an ailment affecting his heart and requiring medical attention and that his wife and family are undergoing great financial and emotional stress due to said individual's incarceration), and the government having filed a memorandum in opposition to said motion, and a writing from the United States Parole Commission having been presented wherein it appears that said individual cannot (due to the length of the term of incarceration imposed upon him) be considered for parole until he shall have been incarcerated for thirty-two months whereas otherwise he could pursuant to the Commission's guidelines be considered for parole at some time between fourteen and twenty months, and the attorneys for the government and for said individual having appeared before me and argued in opposition to and in support of said motion respectively, and it appearing that the government's position on the law to the effect that imposition of a sentence under 18 U.S.C. § 4205(b) must be limited to the time of the initial imposition of sentence is not well-taken, and it being my conclusion that a change of sentence from one (such as this) imposed under 18 U.S.C. § 4205(a) to one under either 18 U.S.C. § 4205(b)(1) or 18 U.S.C. § 4205(b)(2) is a reduction of the section 4205(a) sentence and is a permissible relief on a timely-filed rule 35 motion (*United States v. Solly*, 559 F.2d 230 (3d Cir. 1977); *United States v. Regan*, 503 F.2d 234, 238 (8th Cir. 1974), *cert. denied* 420 U.S. 1006, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975); *Oeth v. United States*, 390 F.2d 609 (5th Cir. 1968); *United States v. Alston*, 506 F.Supp. 472 (D.D.C.1980)), and all of the above proceedings and facts and law having been reviewed and considered by me and that which was before me at the time sentence was imposed reconsidered, and it appearing therefrom that it was at such time expected that the United States Parole Commission would grant parole status to said individual by the twentieth month if the incarceratory term were short enough in its duration to permit the same and that the longer term was imposed knowingly and intentionally, and it further appearing therefrom that I knew that said individual was closely allied to his wife and children and that the latter emotionally and financially depended upon said individual, and the single significant different circumstance from those circumstances known to me at the time sentence was imposed being said individual's illness as above noted but it appearing to my satisfaction that said individual has been and is being and will be well cared for as to such unfortunate illness, it is hereby

ORDERED that said motion pursuant to Fed.R.Cr.P. rule 35 to modify the sentence to one under 18 U.S.C. § 4205(b)(1) or 18 U.S.C. § 4205(b)(2) or to otherwise reduce said sentence is denied.