UNITED STATES of America, Plaintiff-Appellee,

v.

Gary BOWDACH, Defendant-Appellant.

No. 71-1378.

United States Court of Appeals, Fifth Circuit.

April 19, 1972.

Rehearing and Rehearing En Banc Denied June 28, 1972.

**952**

Daniel S. Pearson, Miami, Fla. (Court appointed), Pearson & Josefsberg, P. A., Miami, Fla., for appellant Gary Bowdach.

Robert W. Rust, U. S. Atty., Miami, Fla., Sidney M. Glazer, Criminal Div., Appellate Section, Ann Wallace, John J. Robinson, Attys., Henry E. Petersen, Acting Asst. Atty. Gen., Criminal Div., U. S. Dept. of Justice, Washington, D. C., James H. Walsh, Sp. Atty., Criminal Div. U. S. Dept. of Justice, Tampa, Fla., for plaintiff-appellee.

Before TUTTLE, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellant was convicted on all four counts of an indictment charging violations of 18 U.S.C. App. Section 1202(a) and 26 U.S.C. Sections 5861 and 5871. Counts One and Two charged him with the willful and knowing possession of two automatic pistols after having been convicted of a felony in violation of 18 U.S.C. App. 1202(a) (1). The third and fourth counts, respectively, charged him with possession of another firearm, commonly known as a silencer, which had not been registered as required by 26 U.S.C. Section 5861(d) and which was not identified by serial number in violation of 26 U.S.C. Section 5861(i). We reverse appellant's convictions under the first two counts and affirm as to counts Three and Four.

█ The Supreme Court's recent decision in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), which was decided after this appeal was brought, is dispositive of the issues raised with respect to Counts One and Two. In *Bass* the Court held that in order to procure a conviction under 18 U.S.C. App. 1202(a) (1) [1] the government must show a nexus between the firearm in question and interstate commerce. In the instant case the indictment did not allege and the government made no attempt to show that the firearms involved had been possessed "in commerce or affecting commerce." Therefore, appellant's convictions under Counts One and Two, in light of the *Bass* decision must be reversed.

█ As to the remaining counts, appellant contends that the provisions of the National Firearms Act which require that firearms be registered and that they bear a serial number violate his Fifth Amendment privilege against self-incrimination. This contention is without merit. United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

Appellant urges further that the firearms, the possession of which led to his conviction, were the fruits of an illegal search and should therefore have been suppressed. We do not agree. We conclude that under the teachings of United States v. Drew, (5 Cir. 1971) 451 F.2d 230, the evidence was admissible.

The judgments of conviction under Counts One and Two are reversed, those under Counts Three and Four are affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

[1]. In pertinent part the statute reads: "Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."