494 F.2d 1172
 UNITED STATES of America, Petitioner,
v.
Honorable William O. MEHRTENS, United States District Judge
for the SouthernDistrict of Florida, Miami
Division, Respondent.
UNITED STATES of America, Plaintiff-Appellant,
v.
Gary BOWDACH, Defendant-Appellee.
 Nos. 73-2889, 73-2570.
 United States Court of Appeals, Fifth Circuit.
 May 28, 1974, Rehearing Denied June 21, 1974.
 
 Gary L. Betz, U.S. Dept. of Justice, Miami, Fla., Ann T. Wallace, Atty., Crim.Div., Dept. of Justice, Washington, D.C., for petitioner.
 Daniel S. Pearson, Miami, Fla., Gary Bowdach, Atlanta, Ga., for respondent.
 Ann T. Wallace, Peter M. Shannon, Jr., App. Section, Crim. Div., U.S. Dept. of Justice, Henry E. Petersen, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Gary L. Betz, Dougald D. McMillan, Sp. Attys., Miami, Fla., for plaintiff-appellant.
 William O. Mehrtens, Judge, Daniel S. Pearson, Miami, Fla., for defendant-appellee.
 Before BROWN, Chief Judge, and TUTTLE and SIMPSON, Circuit Judges.
 SIMPSON, Circuit Judge:
 
 
 1
 These consolidated cases present the same issue for review, although raised in differing procedural postures. No. 73-2889 is an original proceeding in which the United States seeks a writ of mandamus to compel the Honorable William O. Mehrtens, United States, District Judge for the Southern District of Florida, to vacate his Order Reducing and Modifying Sentence in a Southern District criminal case, United States v. Bowdach, No. 70-632-CR-WM; Case No. 73-2570 is an attempt by the United States to appeal from Judge Mehrtens' same order, purportedly entered under the authority of Rule 35, F.R.Crim.P., in the criminal action. Thus the cases present a single, admittedly novel, issue for review. We determine that the district court was without jurisdiction to issue the described order, requiring that the writ of mandamus issue. This action moots the direct government appeal from the same order, and we do not decide whether the appeal in No. 73-2570 was authorized by law. Instead, we dismiss it.
 
 
 2
 A brief review of the underlying criminal case is necessary to understanding of the procedural problem that ultimately developed. On January 27, 1971, Gary Bowdach was sentenced after a non-jury trial and conviction under all four counts of the indictment which consisted of two counts charging violation of Title 18, U.S.C. App., Sec. 1202(a)(1) (possession of a firearm by a convicted felon) and two counts charging violations of Title 26, U.S.C Chapter 53: by possession of a silencer for a firearm (defined as a 'firearm' by Title 26 U.S.C. Sec. 5845(a)(7): (a) not registered in violation of Secs. 5861(d) and 5871 (the penalty provisions) and (b) not identified by a serial number in violation of Secs. 5861(i) and 5871. Concurrent confinement sentences of one year were imposed on the two firearms counts, and concurrent confinement sentences of five years on the two silencer counts. On appeal, United States v. Bowdach, 5 Cir. 1972, 458 F.2d 951, this court reversed the convictions on the first two counts, on the authority of United States v. Bass, 1971, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488. The concurrent five year sentences for possession of the silencer were affirmed.
 
 
 3
 The events critical to the disposition of these cases ensued. On July 10, 1972, the mandate from this court reversing Bowdach's conviction on the two firearms counts and affirming conviction on the two silencer counts was received in the Clerk's office for the Southern District. On July 18, 8 days later, Judge Mehrtens entered an Order On Mandate making the mandate of the court of appeals an order of the district court. On November 15, 1972, the district judge received a letter from Bowdach, who was incarcerated in Atlanta, Georgia, requesting that his sentence under the affirmed counts be modified. Judge Mehrtens treated the correspondence as a motion for modification of sentence under F.R.Crim.P. 35. Ultimately, on June 8, 1973, the judge ordered that the five year concurrent sentences be modified and limited to the time actually served, and that Bowdach be released upon one year's probation. The government moved the district court to reconsider and set aside its order of modification, which motion was denied. That denial order, dated June 27, 1973 is the order appealed from in No. 73-2570. On July 3, 1973 the judge denied a stay of execution of his modification order.
 
 
 4
 Thereafter, on August 6, 1973, the government filed its petition for writ of mandamus in this court which was docketed as No. 73-2889. That petition was originally denied by an administrative panel of this court, which after the government filed a petition for rehearing with a suggestion for rehearing en banc thereafter vacated the denial of mandamus and consolidated the case, No. 73-2889, with the appeal in No. 73-2570. In due course, the consolidated cases came on for oral argument before the present panel. We entertain considerable doubt regarding our right to review the district court order on direct appeal, as noted by the administrative panel in its order consolidating these cases. We do not decide this thorny jurisdictional question in No. 73-2570. Rather, we dispose of the issue presented by granting the petition for writ of mandamus. This renders the appeal in No. 73-2570 moot.
 
 
 5
 The issue for determination, which is not without difficulty, is when does the 120 day time limit for filing motions for modification of sentence after mandate of affirmance commence to run under F.R.Crim.P. 35. That rule provides, as far as pertinent here:
 
 
 6
 The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, . . .
 
 
 7
 The 120 day time limit commences 'after receipt by the court' of a mandate, and the United States argues that the mandate reversing in part and affirming in part Bowdach's convictions was 'received' by the court when it was lodged with the district court clerk's office on July 10, 1972. This interpretation would clearly put the letter from Bowdach to Judge Mehrtens, which was treated as a motion for modification and filed on November 15, 1972, beyond the 120 day limit.[1] Judge Mehrtens responded to this proposition in his order denying reconsideration of the modification order by stating that the mandate was 'received' on July 18, 1972, the date on which he entered an order making the Court of Appeals mandate the order of the district court. Counsel for Bowdach defends that interpretation, which would put Bowdach within the 120 day limit by several days. For reasons outlined below, we adopt instead the interpretation advanced by the government and grant the writ in order to direct that the lower court vacate its order as granted without jurisdiction.
 
 
 8
 In construing the disputed portion of Rule 35, we look first to what we consider the most logical interpretation of the words 'receipt by the court' in light of what actually takes place when an appellate court mandate issues. Bowdach argues that 'court' means precisely that, and to construe it as 'clerk of the court' instead of the district judge does violence to the meaning of the word. But to us the key to what 'court' means in this context is that it is coupled with the word 'receipt'. A mandate is received only by the clerk with whom it is filed. When it was brought to his attention, presumably by Bowdach's letter, the judge issued an order which adopted the mandate. That is by no means the equivalent of receiving the mandate. In short, greater violence is done to the plain meaning of language by attempting to equate 'receipt of mandate' with 'issue an order on mandate' than by construing 'court' to mean 'clerk of court', the actual recipient of the mandate, and of course the functionary with whom papers are customarily and historically filed and docketed.
 
 
 9
 This view is supported by the history of Rule 35. As the United States points out on brief, the drafters of Rule 35 were most interested in assuring definiteness and clear lines of demarcation so that all concerned would know exactly when the time for filing would expire. Brief for petitioner at 4-6 (Proceedings of the Institute on the Federal Rules of Criminal Procedure). This purpose runs directly counter to the interpretation urged by Bowdach, since the issuance of an order on mandate by the district judge may come at any time after receipt by the clerk. It would have been highly inconsistent for the drafters of Rule 35, whose purpose was to insure a definite time limit, to designate a time for commencement which is wholly discretionary with the district judge. There exists no basis for imputation of such a contradictory and self-defeating position to those who formulated the rule.
 
 
 10
 The essence of Bowdach's counter-argument is that other rules distinguish specifically between 'court', meaning the judge, and 'clerk of court', and that Rule 35 should be treated no differently. See, e.g., F.R.Crim.P. 20, 32, 56 and 57. There is merit in the point, but we feel that it is outweighed by the considerations discussed above. Our confidence in the correctness of our disposition is bolstered slightly by the fact that, despite occasional distinctions in the rules, members of the legal profession customarily refer to the clerk as the court in a procedural context.
 
 
 11
 One final point remains. Bowdach asserts on brief that, should we find his letter and the judge's order thereon to have been untimely under Rule 35, a remand is in order to permit him to advance for the district court's consideration any exceptional circumstances contributing to the delay. We recognize that the Supreme Court has indicated that the rules of criminal procedure should not be considered inflexible, and that a defendant may on occasion be excused from untimely action if he demonstrates exceptional circumstances leading to the delay. Fallen v. United States, 1964, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (untimeliness of notice of appeal under F.R.Crim.P. 37(a)(2) excused under circumstances where appellant because of bodily infirmity was transferred immediately after sentence from the hospital where he was confined to a federal penitentiary and there sequestered during the 10 day appeal period). At least one circuit has adopted this approach with respect to an untimely motion under Rule 35. Dodge v. Bennett, 1 Cir. 1964, 335 F.2d 657. However, no such grounds were alleged in the district court, nor have any been advanced here. Assuming without deciding that we have the power to remand a cause for determination of circumstances which might have worked in the prisoner's favor, but which were relied upon in neither the district court nor in this court, we decline to exercise such power here.
 
 
 12
 Because we find that the district court was without jurisdiction to grant the motion for modification of sentence, writ of mandamus[2] is ordered to be issued in Case No. 73-2889, directing the court below to vacate its orders of June 8 and June 27, 1973 modifying Bowdach's sentence under the unlawful possession of silencer counts (Counts III and IV) of the indictment in the district court's case No. 70-632-CR-WM.
 
 
 13
 Appeal dismissed in No. 73-2570; writ of mandamus ordered to issue in No. 73-2889.
 
 
 
 [1]
 The parties appear to agree, and we concur, that the 120 day time limit is jurisdictional. United States v. Granville, 5 Cir. 1072, 456 F.2d 1073
 
 
 [2]
 Formal issuance of the writ is not deemed necessary to assure the district court's compliance. A copy of this opinion issued as a mandate should suffice