UNITED STATES of America
v.
Theodore J. ISAACS and Otto Kerner, Jr.
No. 71 Cr. 1086.

United States District Court,

N. D. Illinois, E. D.
Feb. 26, 1975.

James R. Thompson, U. S. Atty., Samuel K. Skinner, First Asst. U. S. Atty., Gary L. Starkman and Steven J. Kadison, Asst. U. S. Attys., Chicago, Ill., for the United States.

Paul R. Connolly, William, Connolly & Califano, Washington, D. C., Warren D. Wolfson, Chicago, Ill., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Oral argument was recently heard on defendant's motion for reduction of sentence under Rule 35, F.R.Cr.P., or in the alternative a correction of the original sentence pursuant to 28 U.S.C. § 2255. Neither the Government nor the defendant introduced evidence.

Defendant contends that the Court retained jurisdiction to reduce his sentence under Rule 35, F.R.Cr.P., because his motion was filed within 120 days of receipt of the mandate from the Supreme Court. Rule 35 provides as follows:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law."

The cases relied upon by the defendant, with the exception of United States v. Steven D. Legum, an unreported order by Judge Bryan of the Eastern District of Virginia, hold that the Court may rule upon a timely motion after the expiration of the 120-day limitation. Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967); United States v. Koneski, 323 F.2d 862 (4th Cir. 1963); Johnson v. United States, 235 F.2d 459 (5th Cir. 1956). The order of Judge Bryan dated April 5, 1974, copy of which was

presented to the Court by defendant's counsel, modified the sentence given on March 9, 1973, by making the defendant eligible for parole under 18 U.S.C. § 4208(a)(2), at such time as the Board of Parole may determine. As the Court recalls, counsel indicated that this modification may have been stipulated. There is nothing to indicate any appeal was taken by the Government from this order.

When the original motion to reduce defendant's sentence was denied, the jurisdiction of this Court was then terminated. Rule 35 was designed to promote finality in litigation. United States v. Mehrtens, 494 F.2d 1172, 1175 (5th Cir. 1974). The 120-day time limit in this Rule is jurisdictional and cannot be extended by judicial order. United States v. Granville, 456 F.2d 1073 (5th Cir. 1972).

Three circuits have caused writs of mandamus to be issued to preclude reduction in sentences after the 120-day period. United States v. United States District Court, 509 F.2d 1352 (9th Cir. 1975); United States v. Regan, 503 F.2d 234 (8th Cir. 1974); United States v. Mehrtens, 494 F.2d 1172 (5th Cir. 1974). In granting the writ in the United States v. United States District Court case, the Court distinguished its decision in Leyvas v. United States, 371 F.2d 714 (9th Cir. 1967) and held that the second motion could not relate back to the original motion. See United States v. Regan, 503 F.2d 234 (8th Cir. 1974), in which it was held that the 120-day time limit is jurisdictional and once the 120-day time limit has passed the Court loses jurisdiction.

Some limitation is necessary to protect the district courts from continual filing of petitions while the sentence is being served. Moreover, prison authorities who have custody of the defendant are in a better position to deal with them than is the sentencing court.

The Court is of the definite opinion that it is without authority to entertain defendant's motion under Rule 35, F.R. Cr.P.

## Section 2255

The relief sought under Section 2255 transforms the proceeding into a civil case. The pertinent part of Section 2255 reads:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time."

It is to be noted that relief under this Section is confined to constitutional defects in the trial and sentence. If the petition shows on its face that petitioner is not entitled to relief, a motion to dismiss may be granted without an evidentiary hearing. Eaton v. United States, 458 F.2d 704 (7th Cir. 1972); United States v. Davis, 212 F.2d 264 (7th Cir. 1954).

In considering Section 2255, a distinction between the imposition and the execution of a sentence must be recognized. If there is constitutional error in the imposition of sentence, Section 2255 relief is indicated. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Section 2255 was intended to provide the sentencing court a remedy commensurate with that which had been available by habeas corpus in the court of the district where the prisoner was confined. Hill v. United States, 368 U. S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417

(1962). Upon the assumption that the presiding judge has firsthand knowledge of the issues related to the trial, Section 2255 conferred jurisdiction upon the presiding judge to consider claimed defects in the proceedings up to the imposition of the sentence. Claims relating to the execution of the sentence ordinarily are beyond the first-hand knowledge of the trial judge and are, therefore, beyond § 2255 coverage. Mordecai v. United States, 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969).

Section 2255 is available when an attack is made on the imposition of the sentence and not on the execution thereof. Hartwell v. United States, 353 F. Supp. 354 (D.C.Cir. 1972); Ridenour v. United States, 446 F.2d 57 (9th Cir. 1971); Stirone v. Markley, 345 F.2d 473 (7th Cir. 1965); Allen v. United States, 327 F.2d 58 (5th Cir. 1964); Lee v. United States, 501 F.2d 494 (8th Cir. 1974).

[7] The determination of parole is a matter of legislative grace and the determination of eligibility is within the discretion of the Parole Board. Wiley v. United States Board of Parole, 380 F. Supp. 1194 (M.D.Pa.1974).

The Court in the case of Lee v. United States, 501 F.2d 494 (8th Cir. 1974) observed that Section 2255 did not grant subject matter jurisdiction over all types of post-conviction claims.

"... It established subject matter jurisdiction for the enumerated claims in the statute, which relate to the legality of the sentence. (citing cases) To allow jurisdiction under § 2255 in this case would defeat its purpose in creating subject matter jurisdiction over those claims concerning the imposition of the sentence. Congress only intended to shift jurisdiction over specific types of claims in order to distribute post conviction cases more efficiently. In this case, the claims involving the Board of Parole do not relate to Judge Henley's imposition of the nine-year 'Arkansas' sentence; rather they involve the matter of the execution of petitioner's sentences." p. 500.

Thus, it is clear that Section 2255 is not available to the defendant to assert his claim for relief. Ledesma v. United States, 445 F.2d 1323 (5th Cir. 1971). 28 U.S.C. § 2241 is available to him to challenge the execution of the sentence by either the Parole Board or Bureau of Prisons.

In Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), it was held that the jurisdiction of district courts to issue writs of habeas corpus was restricted to persons confined or detained within the jurisdiction of the Court. Although the *Ahrens* doctrine may have been narrowed by the decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), it is not believed that the *Braden* decision is sufficient to enable defendant to succeed under the circumstances shown in the record. See Garfola v. Benson, 505 F.2d 1212 (7th Cir. 1974).

Defendant could not successfully proceed in this Court under Section 2241 because his custodian is beyond the territorial jurisdiction of the Court. Ahrens v. Clark, supra.

We were advised by counsel during the hearing that defendant will undergo a thorough medical examination on March 15, 1975 and that a hearing will be conducted before the Board on April 15, 1975. If at that hearing it appears that defendant's health is adversely affected by his continued incarceration, it is assumed the Board will duly consider the Court's strong suggestion made from the bench on July 9, 1974.