Deborah DARBY

v.

Richard S. SCHWEIKER, Secretary,
United States Department of
Health and Human Services.

Civ. A. No. 82–1984.

United States District Court,
E.D. Pennsylvania.

Jan. 19, 1983.

Deborah Harris, Philadelphia, Pa., for plaintiff.

Peter F. Vaira, U.S. Atty., Joseph Masiuk, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

In this action, plaintiff Deborah Darby seeks declaratory and injunctive relief to prevent the defendant, Secretary of Health and Human Services, from terminating her disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* prior to an evidentiary hearing.[1] Plaintiff asserts that the present procedure is in violation of the equal protection clause because recipients of disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.,* receive such a hearing prior

to the termination of their benefits. Defendant has moved to dismiss plaintiff's complaint. For the reasons which follow, the motion will be denied.

### I. Background

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.,* provides social security disability insurance ("social security disability") to disabled workers. This program is financed by revenues from employer-employee payroll taxes and provides monthly benefits to disabled persons who have worked sufficiently long to have insured status as defined under 42 U.S.C. § 414. The benefits are paid irrespective of financial need.

Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.,* provides supplemental security income ("welfare disability") to disabled persons not qualifying for social security disability. This program provides a welfare system for the disabled, eligibility for which is based on financial need. A disabled person can receive disability benefits under both programs (social security and welfare) if that person's income, including any social security benefits to which they are entitled under the social security disability program, is below the welfare disability eligibility limit. 20 C.F.R. § 416.-1100.

The social security and welfare disability programs are not entirely independent. An identical definition of disability is employed in both. *Compare* 42 U.S.C. § 423(d)(1) with § 1382c(a)(3) (1970 ed., Supp.III). Moreover, a claimant fully eligible under the medical and vocational standards of both programs does not have a choice of benefits. If the social security disability payments to which the claimant is entitled under his or her earnings record exceed the welfare disability eligibility limit, the claimant automatically receives payments under the social security program only. If the claimant's social security disability payments do not exceed the welfare disability eligibility limit, the claimant will receive

---

1. Plaintiff also seeks class action certification under Fed.R.Civ.P. 23(b)(2).

both social security and welfare disability benefits.

Termination of social security disability or welfare disability benefits will occur if it is determined that the claimant is no longer disabled, or has returned to work. At the termination stage, there is an important distinction between the two disability programs. Recipients of either welfare disability alone, or a combination of welfare and social security disability, who receive notice of termination are entitled to full benefits pending an evidentiary hearing on the termination decision. Recipients of social security disability alone, however, are not entitled to full benefits, after receiving notice of termination, while awaiting an evidentiary hearing. The proffered reason for this procedural difference is that eligibility for social security disability is not based on financial need, whereas eligibility for either welfare disability or welfare and social security disability together is based on financial need.

## II.  Plaintiff's Claim

The complaint charges that while recipients of welfare disability benefits or recipients of combined welfare and social security disability benefits continue to receive benefits after notice of termination but before an evidentiary hearing, "needy" recipients of social security disability alone who receive notice of termination do not receive similar continuation of benefits prior to an evidentiary hearing. For "needy" social security disability beneficiaries it is claimed that this practice violates equal protection.

A "needy" beneficiary is one whose income, after termination of social security disability benefits, would make him or her eligible for welfare disability. In other words, without their social security disability benefits, "needy" beneficiaries are, from a financial perspective, eligible for welfare disability. Because, however, the identical definition of disability is employed in the welfare disability and social security disability programs, a "needy" beneficiary whose social security disability benefits are terminated is ineligible for welfare disability.

Plaintiff Darby is a social security disability recipient who had her social security disability benefits terminated and then reinstated after an evidentiary hearing held this past July 1982.

## III.  Motion to Dismiss

The Secretary of Health and Human Services has moved to dismiss plaintiff's complaint on the grounds that the Court lacks subject matter jurisdiction, plaintiff fails to state a claim upon which relief can be granted, and plaintiff lacks standing. The Court will address the Secretary's arguments in the order presented.

### A.  Lack of Subject Matter Jurisdiction

Plaintiff has asserted the following three grounds for jurisdiction: mandamus under 28 U.S.C. § 1361; federal question under 28 U.S.C. § 1331; and the Social Security Act, 42 U.S.C. § 405(g). The Court will address each of these grounds in turn.

Plaintiff first claims that this Court may hear her action under the mandamus statute, 28 U.S.C. § 1361. Specifically, plaintiff seeks a writ of mandamus compelling the defendant to pay benefits pending a hearing in accordance with the equal protection obligation of the Fifth Amendment. However, as the Supreme Court stated in *Kerr v. United States District Court,* 426 U.S. 394, 402–403, 96 S.Ct. 2119, 2123–24, 48 L.Ed.2d 725 (1976), "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." The party seeking the writ must have no other adequate means to attain the relief he desires, and must show that the right to issuance of the writ is clear and undisputable. *Kerr v. United States District Court, supra,* at 403, 96 S.Ct. at 2124. *See also Naporano Metal & Iron Co. v. Secretary of Labor of U.S.,* 529 F.2d 537 (3d Cir.1976). Issuance of the writ is in large part a matter of judicial discretion. *Kerr v. United States District Court, supra. See also Citibank N.A. v. Fullam,* 580 F.2d 82 (3d Cir.1978).

■ Under these standards, the Court concludes that mandamus is not appropriate to plaintiff's case. First, it is not at all obvious that plaintiff has a clear and undisputable right to the performance that has been demanded. *See Santise v. Schweiker,* 676 F.2d 925, 932–33 (3d Cir.1982) (Secretary's authority to implement the Social Security Act is broad, and he has considerable discretion in regulating the disability benefits program). Second, even assuming such a right had been shown, no extraordinary circumstances compel this Court to intervene. *See Kuchner v. Schweiker,* C.A. 82–1839 (E.D.Pa. July 30, 1982) (granting motion to dismiss for lack of jurisdiction in a case challenging standards of review under two disability programs; mandamus unavailable as there were no "extraordinary circumstances). In view of the standards set out by the Supreme Court in *Kerr,* and in view of this Court's finding that plaintiff has an alternative ground to invoke federal jurisdiction, the Court declines to utilize mandamus as the basis upon which it will hear the claim.

Plaintiff's assertion of federal question jurisdiction under 28 U.S.C. § 1331 is incorrect. The Supreme Court held in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), that the Social Security Act, 42 U.S.C. § 401 *et seq.,* preempts federal question jurisdiction. However, a look at that Act, also raised by plaintiff as a grounds for jurisdiction, and the Supreme Court's analysis in *Mathews v. Eldridge,* 424 U.S. 319, 326–333, 96 S.Ct. 893, 898–902, 47 L.Ed.2d 18 (1976), indicates that § 405(g) of the Act provides plaintiff with jurisdiction.

In *Eldridge* the plaintiff brought a due process challenge to the social security disability program's termination procedure. There, as here, the Secretary challenged the district court's jurisdiction to hear the claim. The Supreme Court had previously held in *Weinberger v. Salfi, supra,* that the only avenue for judicial review of the Social Security Act was § 405(g) thereof. Section 405(g) requires exhaustion of administrative remedies provided under the Act as a jurisdictional prerequisite. In *Eldridge* it was uncontested that the plaintiff had

failed to either exhaust those remedies or obtain a waiver. Based on *Salfi* the Secretary argued that the plaintiff's claim was jurisdictionally barred. The Court disagreed. In bridging the gap between the Act's requirements and the plaintiff's deficient response, the Court considered the constitutional nature of plaintiff's claim. The Court concluded that because the plaintiff's constitutional challenge was entirely collateral to his substantive claim of entitlement, and of the type that irreparable injury not recompensable through retroactive relief could be caused to plaintiff by an erroneous determination, deference to the Secretary's decision not to waive the exhaustion requirement was inappropriate. The Court thus held that § 405(g) of the Act conferred jurisdiction despite plaintiff's failure to exhaust the Act's administrative remedies.

■ For jurisdictional purposes the present case is in the same posture as *Eldridge.* Like the *Eldridge* plaintiff, plaintiff herein has neither exhausted her administrative remedies nor obtained a waiver. Plaintiff's claim, however, is constitutional in nature, collateral to her claim for entitlement to benefits, and reveals the potential for irreparable injury not recompensable through retroactive relief. Under the reasoning of *Mathews v. Eldridge, supra,* plaintiff has met her jurisdictional burden.

B. Failure To State A Claim Upon Which Relief Can Be Granted

In a nutshell, the Secretary argues that plaintiff's complaint fails to state a claim, first, because the Court need only find a reasonable basis for the distinction at issue and such a reasonable basis exists, and second, because the Supreme Court's decision in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1975), precludes this suit.

■ The Secretary's arguments are not persuasive. First, whether or not the classification at issue passes muster on an equal protection challenge is a question which

goes to the merits, and does not provide a basis for granting a motion to dismiss. Second, *Mathews v. Eldridge,* held on *procedural due process grounds* that social security disability beneficiaries are not entitled to a pretermination hearing. *Eldridge* never specifically addresses whether it is a denial of equal protection to grant benefits pending a hearing to recipients of combined social security and welfare disability, but not to recipients of social security disability alone. *But see Mathews v. Eldridge, supra,* 424 U.S. at 342, n. 27, 96 S.Ct. at 906, n. 27.[2] The Secretary fails to note the distinction between due process and equal protection. The equal protection guarantee is entirely different from the determination of whether due process has been satisfied in placing a specific individual within a given classification. Equal protection examines the propriety of the classification. Procedural due process reviews the process used to determine that an individual comes within or falls outside of a specific classification. Equal protection tests legislative line drawing while procedural due process tests the adjudication of individual claims. Thus, despite the Secretary's arguments to the contrary, the fact that the *Eldridge* decision reviewed the termination procedures of the social security disability program on due process grounds does not preclude the present suit which seeks review of those same procedures under the guarantees of equal protection.

### C. Plaintiff's Lack of Standing

The Secretary contends that because the plaintiff, Ms. Darby, had her benefits ordered reinstated on June 1, 1982, she lacks a personal stake in the outcome of this suit and consequently judicial review of her claim is not appropriate. Plaintiff responds that even though she has obtained relief, under the "capable of repetition yet evading review" doctrine she retains standing to bring this suit. The doctrine referred to holds that an individual case is not moot, even though plaintiff has obtained the relief sought, where two elements are present:

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (*citing Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

Plaintiff Darby's case falls within the above rule. A review of the circumstances of plaintiff's claim reveals that plaintiff's benefits were terminated in December, 1981, and an administrative law judge issued a favorable decision on her claim on June 1, 1982. Plaintiff received retroactive benefits in July, 1982. It is unlikely that plaintiff could have litigated her constitutional claim within this eight month period. The Court notes that this is the second time that plaintiff has had to challenge an administrative determination that she is not disabled. The Court further notes that the latest amendments to the

---

**2.** The text of note 27 is as follows:

Amici emphasize that because an identical definition of disability is employed in both the Title II Social Security Program and in the companion welfare system for the disabled, Supplemental Security Income (SSI), compare 42 U.S.C. § 423(d)(1) with § 1382c(a)(3) (1970 ed. Supp.III), the terminated disability-benefits recipient will be ineligible for the SSI Program. There exist, however, state and local welfare programs which may supplement the worker's income. In addition, the worker's household unit can qualify for food stamps if it meets the financial need requirements. See 7 U.S.C. §§ 2013(c), 2014(b); 7 CFR § 271 (1975). Fi-

nally, in 1974, 480,000 of the approximately 2,000,000 disabled workers receiving Social Security benefits also received SSI benefits. Since financial need is a criterion for eligibility under the SSI program, those disabled workers who are most in need will in the majority of cases be receiving SSI benefits when disability insurance aid is terminated. And, under the SSI program, a pretermination evidentiary hearing is provided, if requested. 42 U.S.C. § 1383(c) (1970 ed., Supp.III); 20 CFR § 416.·1336(c) (1975); 40 Fed.Reg. 1512 (1975); see Staff Report 346. *Mathews v. Eldridge,* 424 U.S. at 342, n. 27, 96 S.Ct. at 906, n. 27.

Social Security Act require review of the status of disability benefits every three years. 42 U.S.C. § 421(i). Since the two elements of the capable of repetition yet evading review doctrine are met, the award of retroactive benefits to plaintiff does not render her case moot.

### IV. Conclusion

In accordance with the above, the Secretary's motion to dismiss will be denied.

An appropriate Order will be entered.

### ORDER

AND NOW, TO WIT, this 19th day of January, 1983, IT IS ORDERED as follows:

1. Defendant's motion to dismiss is *denied;*

2. This action shall be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

3. Plaintiff is certified as the representative of the following class: All needy beneficiaries of social security disability benefits in Pennsylvania whose benefits have been terminated following an administrative determination that disability has ended, whose income and resources do not exceed welfare disability eligibility limits, and who have presented to the Secretary their claims for continuation of benefits but have not yet received an evidentiary hearing decision;

4. A preliminary injunction hearing will be held on *Friday, February 25, 1983*, at *9:30 A.M.,* in Courtroom 17–B, United States Courthouse, Philadelphia, Pa. The plaintiff's motion for leave to intervene, amend the complaint, and amend the motion for class certification shall also be heard at that time.