**Victor Paul DIOGENES, Petitioner,**

**v.**

**Benjamin MALCOLM, Regional Commissioner, Northeast Regional Office of the United States Parole Commission; Northeast Regional Office of the United States Parole Commission; its Agents, Employees and Successor of interest, Respondents.**

**Civ. A. No. 84–4085.**

United States District Court,
E.D. Pennsylvania.

Jan. 17, 1985.

Victor Paul Diogenes, pro se.

Ronald K. Noble, Asst. U.S. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM

LUONGO, Chief Judge.

In this lawsuit, Victor Paul Diogenes challenges a decision of the Northeast Regional Office of the United States Parole Commission that denied his request for administrative reopening of his parole determination. Diogenes, an inmate at the Federal Correctional Institution at Ray Brook, New York, claims that the Commission improperly applied parole guidelines in effect at the time of his hearing rather than those in effect at the time of his offense. On November 26, 1984, Magistrate Richard A. Powers III filed a Report and Recommendation (attached hereto as Appendix A) that concluded (1) that this court lacks jurisdiction over petitioner's habeas corpus claim, (2) that the case should be transferred to the United States District Court for the Northern District of New York, (3) that petitioner's request for entry of default should be denied, and (4) that petitioner's motion to excise his claim for habeas corpus should be denied. On December 10, 1984, petitioner filed objections to the magistrate's report and an accompanying memorandum of law. Although the objections were filed late, I have reviewed this case *de novo*. For the reasons that follow, I will adopt the magistrate's recommendation.

■ Primarily, I am satisfied that this court lacks jurisdiction over petitioner's habeas corpus claim. The proper defendant in an inmate's habeas corpus petition is the warden at the place of incarceration, and a court entertaining such a petition must have personal jurisdiction over the custodian. *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir.1976). Thus, the proper defendant for petitioner's habeas corpus claim is the warden of Ray Brook, and jurisdiction will be proper in the Northern District of New York.

■ Petitioner argues that jurisdiction is proper in the Eastern District of Pennsylvania because he has styled this lawsuit as an action for mandamus against members of the Northeast Regional Office of the

Parole Commission who have their offices within this district. This argument is not convincing. I agree with the magistrate's conclusion that this case does not present sufficient grounds for exercise of the extraordinary writ of mandamus. Even aside from the Commission's discretion in determining parole, the availability of an alternative remedy—a writ of habeas corpus in the district of his incarceration—renders resort to mandamus inappropriate. See *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); *Darby v. Schweiker*, 555 F.Supp. 285, 287 (E.D.Pa.1983).

■ I am also in agreement with the magistrate's conclusion that the case should be transferred to the Northern District of New York. Section 1406(a) of Title 28 grants district courts discretion to transfer cases to the district in which venue would be proper, even in the absence of personal jurisdiction in the transferor court. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Such a transfer is particularly appropriate in this, a case in which it has been asserted that petitioner's choice of forum was motivated by this Circuit's precedent favorable to petitioner: upon transfer under § 1406(a) the transferee court will apply the substantive law of its own Circuit. See 1 J. Moore, et al., *Moore's Federal Practice*, ¶ 0.145[4.–5] (1984).

■ Finally, I agree with the magistrate's recommendation that petitioner's motion to excise his habeas corpus claim should be denied. It is clear from the substance of the petition that the relief sought by Diogenes is reduction of the severity level assigned to his offense—and thus a greater likelihood of early parole. Petitioner's claim, therefore, is one that attacks the duration of his sentence. Indeed, were this not so, petitioner would likely be without standing to complain about the Parole Commission's failure to utilize appropriate guidelines.[1]

---

1. Petitioner has abandoned his request for entry of default.

In short, despite petitioner's argument to the contrary, this case is properly characterized as a habeas corpus action over which this court lacks jurisdiction. Jurisdiction is present in the Northern District of New York, and I will enter an order transferring the case to that district.

### ORDER

This 17th day of January, 1985, it is

ORDERED that:

1. Petitioner's objections to the Magistrate's Report and Recommendation are OVERRULED;

2. The Magistrate's Report and Recommendation are APPROVED;

3. Petitioner's motion to amend the petition to excise his habeas corpus claim is DENIED;

4. Petitioner's request for entry of default is MARKED WITHDRAWN;

5. This case is TRANSFERRED to the United States District Court for the Northern District of New York; and

6. The Clerk is directed to forward all records and documents of this case to the Clerk of the United States District Court for the Northern District of New York.

### APPENDIX A

### REPORT—RECOMMENDATION

RICHARD A. POWERS, III, United States Magistrate.

Petitioner, Victor Paul Diogenes, was convicted in the United States District Court for the Eastern District of Oregon for a violation of Title 18 U.S.C. Section 2113(a). He was sentenced to a twenty (20) year prison term and was initially imprisoned in the United States Penitentiary at Lompoc, California.

In May, 1981, the Western Regional Office of the United States Parole Commission (WRO) interviewed petitioner. WRO applied the parole guidelines in effect at the time of petitioner's hearing in rating his offense severity category as "Greatest I".

In December, 1983, petitioner was transferred from Lompoc to the Federal Correctional Institution at Ray Brook, New York. Petitioner is presently imprisoned at Ray Brook. Ray Brook is located in the Northern District of New York.

On May 8, 1984, petitioner filed a request for an administrative reopening of his parole determination made by WRO. Petitioner submitted this application to Respondent, Benjamin Malcolm, Regional Commissioner of the Northeast Regional Office of the United States Parole Commission (NERO).

NERO denied petitioner's application because it believed WRO had applied the correct parole guidelines. NERO stated that it is to utilize the guidelines in effect at the time of one's hearing and not those guidelines applicable at the commencement of the instant offense.

Petitioner has filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. Section 2241. The United States has filed an answer to the petition and a motion to dismiss or transfer same.

In order for this Court to have jurisdiction to entertain the habeas corpus action, it must have jurisdiction over the petitioner's custodian. 28 U.S.C.A. Section 2241. In the instant case, petitioner's custodian is the person who holds petitioner in what is claimed to be unlawful custody, i.e., his warden at Ray Brook. In *Ahrens v. Clark*, 335 U.S. 188 [68 S.Ct. 1443, 92 L.Ed. 1898] (1948), it was held that the jurisdiction of district courts to issue writs of habeas corpus was restricted to persons confined or detained within the jurisdiction of the Court. *United States v. Isaacs*, 392 F.Supp. 597, 600 (N.D.Ill.1975).

Although the concept of custody has been broadened to encompass more than just imprisonment, *see, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 [93 S.Ct. 1123, 35 L.Ed.2d 443] (1973); *Strait v. Laird*, 406 U.S. 341 [92 S.Ct. 1693, 32 L.Ed.2d 141] (1972); *Peyton v. Rowe*, 391 U.S. 54 [88 S.Ct. 1549, 20 L.Ed.2d 426] (1968); *Jones v. Cunning-*

*ham,* 371 U.S. 236 [83 S.Ct. 373, 9 L.Ed.2d 285] (1963), it still remains an essential aspect of the writ of habeas corpus that it acts upon the person who holds the prisoner in what is alleged to be unlawful custody. *Braden, supra* [410 U.S.], at 494–95 [93 S.Ct. at 1129], citing *Wales v. Whitney,* 114 U.S. 564, 574 [5 S.Ct. 1050, 1054, 29 L.Ed. 277] (1885). In order for a court to entertain a habeas corpus action, in short, it must have jurisdiction over the petitioner's custodian. *Braden, supra; Strait, supra; Schlanger v. Seamans,* 401 U.S. 487 [91 S.Ct. 995, 28 L.Ed.2d 251] (1971); *United States ex rel. Rudick v. Laird,* 412 F.2d 16 (2 Cir.1969), *cert. denied,* 396 U.S. 918 [90 S.Ct. 244, 24 L.Ed.2d 197] (1969).

In the instant case, petitioner's custodian is the warden at the Federal Correctional Institution at Ray Brook, New York, where petitioner is currently imprisoned. The Ray Brook warden, however, was not named as a respondent in the proceedings.

Rather, Diogenes brought his petition against the Northeast Regional Parole Commission, headquartered in Philadelphia, Pennsylvania. Where a prisoner is confined in prison, the custodian for habeas corpus actions is the prisoner's Warden, not the Parole Commission. *Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2 Cir.1976). In the instant case, the prisoner's sole relationship with the Parole Commission is that the Commission is the decision making body which may authorize a prisoner's release on parole. All of the contacts that the petitioner has had in the federal justice system have been in districts other than the Eastern District of Pennsylvania, except for his petition for an administrative reopening that was filed with the Regional Commissioner whose office is located in this district. The Regional Commissioner, however, is not petitioner's custodian.

It would be most practical and equitable to transfer petitioner's case to the Northern District of New York for consideration of the merits. 28 U.S.C. Sections 1404(a) and 1406(a) provide for such discretionary transfer. Such transfer would ensure that petitioner would be treated under the same interpretation of the law as other prisoners incarcerated at the Federal Correctional Institution at Ray Brook, New York, and would discourage forum shopping.

In addition, the inconvenience of transporting petitioner from New York to Philadelphia for any hearings would make New York a more appropriate forum. *Crew v. United States Parole Board,* 424 F.Supp. 411, 413 (E.D.Pa.1976).

Petitioner has attempted in his reply brief to characterize his petition as for a writ of mandamus. Mandamus does not lie in this case since there is no action for mandamus in federal district court under Federal Rule of Civil Procedure 81(b). *Finley v. Chandler,* 377 F.2d 548 (9 Cir. 1967), *cert. denied,* 389 U.S. 869 [88 S.Ct. 146, 19 L.Ed.2d 147] (1967). Respondent, Benjamin Malcolm, in any event, acted in a discretionary capacity, so that mandamus would not be an appropriate action.

Finally, petitioner has made a request for entry of default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, claiming that respondents failed to file an answer by October 15, 1984 as ordered. However, since an extension was granted to file such answer until October 15, 1984, and an answer was filed on October 12, 1984, the request for entry of default should be denied.

Accordingly, we make the following

## RECOMMENDATION

Now, this 21st day of November, 1984, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be TRANSFERRED to the Northern District of New York pursuant to 28 U.S.C. Sections 1404(a) and 1406(a). It is further recommended that petitioner's motion to amend, excising the habeas corpus claim as well as his request for entry of default be DENIED.